UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ASHLEY SAVAGE, DAVID LEIDLEIN,
RONALD COHEN, AND JAMES
SHERBURNE, individually and as
representatives of similarly situated persons,
and on behalf of the Plan,

                 Plaintiffs,

     v.

SUTHERLAND GLOBAL SERVICES,
INC., ET AL.,

                 Defendants.
_____

**DECISION AND ORDER**

6:19-CV-06840 EAW

## **INTRODUCTION**

Plaintiffs Ashley Savage, David Leidlein, Ronald Cohen, and James Sherburne (collectively, "Plaintiffs") bring this putative class action individually and on behalf of the Sutherland Global Services, Inc. 401(k) Plan (the "Plan"), and all other similarly situated participants and beneficiaries of the Plan, against Sutherland Global Services, Inc., CVGAS, LLC d/b/a Clearview Group, Shilpa Konda, Diane Mohorter, Lori D'Ambrosio, Kathleen Decann, and John Does 1-20 (collectively, "Defendants"). (Dkt. 1). Plaintiffs contend Defendants violated the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by breaching their fiduciary duties by failing to properly minimize the reasonable fees and expenses incurred by the Plan. (*Id.*). Presently before the Court is a motion to dismiss filed by defendant CVAGS, LLC d/b/a Clearview Group

("Clearview"). (Dkt. 24). For the following reasons, Clearview's motion to dismiss is denied.

## BACKGROUND AND PROCEDURAL HISTORY

The Court will briefly summarize Plaintiffs' claims; however, familiarity with the relevant facts is assumed for purposes of this Decision and Order. According to the complaint, Plaintiffs are former employees of Sutherland Global Services, Inc. ("Sutherland") and participated in Sutherland's 401(k) Plan. (Dkt. 1 at ¶¶ 1, 7-10). Sutherland provides process transformation services, including human resources management, operational analytics, robotic process automation, and cloud services, and is the sponsor of the Plan pursuant to 29 U.S.C. § 1002(16)(B). (*Id*. at ¶¶ 13-14). Clearview is the "investment manager" of the Plan pursuant to 29 U.S.C. § 1002(38) and was delegated responsibilities in connection with the Plan, including the responsibility to select and monitor investment options to be included in the Plan. (*Id*. at ¶¶ 27-28).

During the proposed class period Plaintiffs invested in funds, including T. Rowe Price Target Date mutual funds. (*Id*. at ¶ 11). Plaintiffs allege that Defendants breached their fiduciary duties by failing to defray the Plan's fees and expenses. (*Id*. at ¶ 85). Specifically, Plaintiffs allege that Defendants selected and retained retail class shares of target-date mutual funds (including the T. Rowe Price funds) with 12b-1 fees for the Plan, when identical investor or institutional class shares of the same funds were available without a 12b-1 fee. (*Id*. at ¶¶ 85-117, 147).

**PROCEDURAL HISTORY**

Plaintiffs filed their complaint on November 13, 2019. (Dkt. 1). The complaint alleges three causes of action: (1) breach of fiduciary duty; (2) failure to monitor fiduciaries; and (3) other remedies for breach of fiduciary duty. (*Id*. at 21-31). The complaint also contains class action allegations. (*Id*. at 19-21). On April 2, 2020, defendants Sutherland, Lori D'Ambrosio, Kathleen DeCann, Shilpa Konda, and Diane Mohorter filed an answer to the complaint. (Dkt. 23). Clearview filed the instant motion the same day. (Dkt. 24). Clearview raises several arguments in support of its motion to dismiss, including: (1) Plaintiffs have failed to exhaust their administrative remedies; (2) Plaintiffs' claims are untimely; and (3) Plaintiffs have failed to state claims for breach of fiduciary duty, failure to monitor, and for other remedies for breach of fiduciary duty. (Dkt. 24-15 at 11-31). Clearview also moves to strike Plaintiffs' demand for a jury trial. (*Id*. at 31).

**DISCUSSION**

**I.    Legal Standard**

    **A.    Rule 12(b)(6)**

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund*

*v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2279 (2017). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### B. Consideration of Materials Attached to Clearview's Motion

In connection with its motion to dismiss, Clearview has submitted more than 2,600 pages of exhibits which, according to a Declaration and Notice to Admit filed by its counsel, includes the Plan Document and Adoption Agreement, the Sutherland Global Services Summary Plan Description, Sutherland Global Services Form 5500 for years 2013 through 2018, an Investor Bulletin from the Securities and Exchange Commission ("SEC") titled "How Fees and Expenses Affect Your Investment Portfolio," dated February 2014, T. Rowe Price Funds, Inc. prospectuses for 2015 and 2020, and a U.S. Department of Labor Employee Benefits Security Administration publication titled, "Understanding Retirement Plan Fees and Expenses," dated December 2011. (Dkt. 24-1). Clearview contends that, in the ERISA context, courts consider plan documents incorporated by reference into the complaint and other federally-regulated filings or government authorities' public statements, and that courts often take judicial notice of plan prospectuses, summary plan descriptions, Form 5500 filings, and other similar documents. (Dkt. 24-15 at 10-11).

Clearview asks that the Court take judicial notice of these documents, pursuant to Federal Rule of Evidence 201. (Dkt. 24-1).

Plaintiffs do not dispute the authenticity of these documents, but argue that even if the Court considers them, they would only be considered for the fact that they contain certain statements, and not to prove the truth of such statements. (Dkt. 34 at 16). Plaintiffs further contend that the documents Clearview cites "only raise additional factual questions, further demonstrating the need for discovery and, thus, these documents should not be used to resolve Plaintiffs' claims at the pleading stage." (*Id.*).

Aside from the Form 5500s and the SEC investor bulletin, which were cited in the complaint, none these documents were attached to or specifically referenced in the complaint. Further, other than general assertions regarding admissibility, Clearview does not make any meaningful argument as to why the Court should consider the 2,600 pages it submits in connection with the motion to dismiss.

Pursuant to Rule 201, a court may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b). While it is true that "[c]ourts regularly take notice of publicly available documents including regulatory filings . . . these documents may only be considered for the fact that they contain a statement therein but not to prove the truth of the statement." *Cunningham v. Cornell Univ.*, No. 16-CV-6525(PKC), 2017 WL 4358769, at *3-4 (S.D.N.Y. Sept. 29, 2017). The SEC bulletin, Department of Labor publication, and T. Rowe Price prospectuses are publicly-available documents, and

the SEC bulletin and Form 5500s were referenced in the complaint, and therefore the Court will take judicial notice of those documents. The complaint does not specifically reference the Plan Document and Adoption Agreement or the Plan Summary, and Clearview does not contend that these are publicly-available documents. Rather, in its reply brief, Clearview makes the conclusory statement that these documents are "integral." (Dkt. 36 at 9 n.6). The Court need not reach the issue because, as further explained below, even considering the documents, dismissal is not warranted at this stage of the litigation.

## II. Administrative Exhaustion

Clearview's first argument is that Plaintiffs' claims must be dismissed for failure to exhaust because they did not follow the claims procedures set forth in the Plan before filing suit. (Dkt. 24-15 at 11). Clearview points to language in the Plan requiring mandatory exhaustion of claims procedures, including:

> [t]he exhaustion of the claims procedures is mandatory for resolving every claim and dispute arising under this Plan. As to such claims and disputes: (1) no claimant shall be permitted to commence any legal action to recover Plan benefits or to enforce or clarify rights under the Plan under Act §502 or §510 or under any other provision of law, whether or not statutory, until the claims procedures set forth in Subsections (a) and (b) above have been exhausted in their entirety . . .

(*Id*. at 12; *see also id*. at 12-13 (noting in bolded language in the Summary Plan Description that "[a] claimant has no right to commence any legal action to recover Plan benefits or to enforce or clarify rights under the Plan under ERISA I 502, ERISA h 510, or any other provision of law, whether or not statutory, until the Plan's claims procedures have been exhausted in their entirety.")). Plaintiffs contend that they are asserting statutory violations of ERISA—not violations requiring interpretation of the underlying provisions of the Plan

- 6 -

itself—and therefore they were not required to exhaust administrative remedies. (Dkt. 34 at 16).

While "[c]ourts uniformly require exhaustion for claims based on violations of contractual rights protected by ERISA, such as denial of benefits," *Shamoun v. Bd. of Trustees,* 357 F. Supp. 2d 598, 602 n.3 (E.D.N.Y. 2005), the Second Circuit has not specifically addressed whether exhaustion is required for statutory-based claims under ERISA, *see De Pace v. Matsushita Elec. Corp. of Am.*, 257 F. Supp. 2d 543, 558 (E.D.N.Y. 2003). However, the Second Circuit has acknowledged that district courts with the circuit have "routinely" not applied the exhaustion requirement when a plaintiff alleges a statutory ERISA violation. *Nechis v. Oxford Health Plans, Inc*., 421 F.3d 96, 102 (2d Cir. 2005).[1] As explained by the district court in *Diamond v. Local 807 Labor-Mgmt. Pension Fund*:

> there is a distinct trend among the district courts in this circuit. In general, "[d]istrict courts in the Second Circuit have routinely dispensed with the exhaustion prerequisite where plaintiffs allege a statutory ERISA violation," *Nechis,* 421 F.3d at 102 (quoting *De Pace,* 257 F. Supp. 2d at 558), while continuing to require exhaustion for claims alleging violations of the terms of a benefit plan. *See Role,* 2008 WL 465574, at *3 ("[D]istrict courts within

---

[1] The majority of other circuit courts of appeal have recognized a distinction between plan-based claims and statutory-based claims, including the Third, Fourth, Fifth, Sixth, Ninth, and Tenth Circuits. *See Diamond v. Local 807 Labor Mgmt. Pension Fund*, 595 F. App'x 22, 24-25 (2d Cir. 2014). The Seventh and Eleventh Circuits have applied the exhaustion doctrine to both plan-based and statutory-based claims, "reasoning that regardless of the nature of the ERISA claim, administrative review enables plan administrators to apply their expertise and assemble a factual record that will assist in resolving those claims that are eventually litigated, and further serves to reduce the number of frivolous lawsuits." *See De Pace*, 257 F. Supp. 2d at 557-58. Clearview also cites *Radford v. Gen. Dynamics Corp*., 151 F.3d 396 (5th Cir. 1998) for the proposition that exhaustion is required for breach of fiduciary duty claims, but the *Radford* court did not specifically decide that issue and, in any event, it is inconsistent with subsequent Fifth Circuit precedent, including *Milofsky v. Am. Airlines, Inc.*, 442 F.3d 311, 313 (5th Cir. 2006).

> this circuit have drawn a distinction between claims relating to violations of the terms of a benefit plan, and claims relating to statutory violations of ERISA, finding that the former, but not the latter, claims must be administratively exhausted."); *Park v. Trustees of 1199 SEIU Health Care Employees Pension Fund*, 418 F. Supp. 2d 343, 358 (S.D.N.Y. 2005) ("District courts within this Circuit, however, have permitted claims for statutory violations of ERISA even though administrative remedies were not exhausted."); *Shamoun,* 357 F. Supp. 2d at 603 n.3 ("The Second Circuit has yet to address the issue, but courts in this circuit hold that there is no exhaustion requirement for statutory claims under ERISA.").

2014 WL 527898, at *6 (E.D.N.Y. Feb. 7, 2014), *aff'd*, 595 F. App'x 22 (2d Cir. 2014); *see also Falberg v. Goldman Sachs Grp., Inc.*, No. 19 Civ. 9910(ER), 2020 WL 3893285, at *6 (S.D.N.Y. July 9, 2020) ("[i]n the absence of controlling authority, courts in this Circuit have repeatedly dispensed with any exhaustion requirement for statutory ERISA claims"); *McCulloch v. Bd. of Trustees of SEIU Affiliates Officers and Emps. Pension Plan*, No. 14 Civ. 9348 (PGG), 2016 WL 9022578, at *6 (S.D.N.Y. Mar. 31, 2016) ("This Court agrees that exempting statutory claims from the exhaustion requirement best serves ERISA's purposes."), *aff'd*, 686 F. App'x 68 (2d Cir. 2017). The claims raised by Plaintiffs do not involve interpretation of the terms of the Plan; rather, they concern Defendants' alleged statutory violations through improper administration of the Plan. The Court agrees with the majority of district courts that "while plan fiduciaries may have expertise in interpreting the terms of the plan itself, statutory interpretation is the province of the judiciary." *De Pace*, 267 F. Supp. 2d at 557.

Clearview does not argue that Plaintiffs have alleged violations of the Plan, as opposed to statutory violations. Rather, Clearview argues that the cases cited by Plaintiffs do not include a plan provision specifically referencing the requirement of administrative

exhaustion for statutory claims. (*See* Dkt. 36 at 7). However, Clearview does not cite any case indicating that the specific exhaustion provision in the Plan warrants a different result. Rather, the majority of the courts of appeal in other circuits, and the district courts in the Second Circuit, have concluded that a claim based on a statutory violation of ERISA, as opposed to a plan-based claim, does not require administrative exhaustion, and this Court agrees. Plaintiffs have alleged violations of the ERISA statute, for which the Court—not the Plan administrators—has expertise. As they are pleaded in the complaint, Plaintiffs' claims do not require interpretation of Plan documents, and in view of the persuasive authority cited above, Clearview has not met its burden to establish that dismissal is appropriate on the grounds of administrative exhaustion. Accordingly, Clearview's motion to dismiss on this basis is denied.

### III.     Timeliness of Plaintiffs' Claims

Clearview next asserts that Plaintiffs' claims must be dismissed as untimely. (Dkt. 24-15 at 15). Specifically, Clearview contends that the Plan contractually shortened the statute of limitations, such that a plaintiff cannot bring an action on any matter pertaining to the Plan, unless suit is commenced "before the earlier of (1) 30 months after the claimant knew or reasonably should have known of the principal facts on which the claim is based, or (2) six months after the claimant has exhausted the claims procedure under this Plan." (*Id*.; *see also id.* at 16 (citing Summary Plan Description, which states in bold "[a]ny lawsuit, action, or proceeding concerning the Plan – including one concerning Plan benefits, ERISA § 502, ERISA § 510, or any other provision of law, even if not statutory – is forever barred unless you commenced the action in the proper forum before the *earlier*

of: (i) 30 months after the claimant knew or reasonably should have known of the principal facts on which the claim is based, or (ii) six months after the claimant exhausted the Plan's claims procedure under this Plan.")). The Court does not determine whether the Plan contractually shortened the statute of limitations because even if the contractual limitations period applies, Defendants have not met their burden of showing that the instant cause of action is time barred.[2]

"The lapse of a limitations period is an affirmative defense that a defendant must plead and prove." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). "[A] defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Id.* Here, it is not clear from the face of the complaint that Plaintiffs' claims should be dismissed as untimely because the complaint does not allege when Plaintiffs acquired knowledge of Defendants' alleged

---

[2] The statute of limitations on which Clearview relies is the *contractual* statute of limitations, not the statutory statute of limitations which, for breach of fiduciary duty claims under ERISA, is the earlier of six years after the date of the last action which constituted a part of the breach or violation, or three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation. *See* 29 U.S.C. § 1113. In *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99 (2013), the Supreme Court found that parties could contract to a particular limitations period, "[a]bsent a controlling statute to the contrary." *Id.* at 105. Clearview cites to *Hewitt v. W. & S. Fin. Grp. Flexible Benefits Plan*, No. 17-5862, 2018 WL 3064564 (6th Cir. Apr. 18, 2018), an unpublished decision from the Sixth Circuit, which held that the limitations period in § 1113 provides only a "default rule," and not a controlling statute of the contrary, as defined by *Heimeshoff*. (*See* Dkt. 24-15 at 17). Plaintiffs distinguish *Hewitt* in their response, arguing that *Hewitt* was brought pursuant to § 1132(a)(1)(B), and not §§ 1132(a)(2) and (a)(3). (Dkt. 34 at 20 n.6). As explained above, the Court does not reach the issue of whether the contractual statute of limitations applies in this instance, because even if it did apply, Clearview still has failed to meet its burden to show that dismissal is warranted on the face of the complaint.

breach of their fiduciary duties. The Second Circuit has held that for the statute of limitations to begin to run under ERISA § 1113, "it is not enough that [plaintiffs] had notice that something was awry; [plaintiffs] must have had specific knowledge of the actual breach of duty upon which [they sued]." *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 193 (2d Cir. 2001) (alterations in original) (citation omitted); *see Leber v. Citigroup 401(k) Plan Inv. Comm.*, No. 07-Cv-9329 (SHS), 2014 WL 4851816, at *3 (S.D.N.Y. Sept. 30, 2014) ("Even where a plaintiff has reason to believe that defendants have violated ERISA, he might not know all the facts material to his claim. . . . Clearly what matters are the facts plaintiffs possess, not the facts they suspect or could discover.").

Clearview has not shown that Plaintiffs had knowledge 30 months before they filed their lawsuit, *i.e.*, before May 13, 2017, of the investor class shares upon which their claims rely. While Clearview argues that the Form 5500 fee disclosures from as early as 2013 and the fund prospectuses put Plaintiffs on notice of the fees and expenses for the T. Rowe Price funds (Dkt. 24-15 at 18-19), that is not sufficient. For example, the documents on which Clearview relies do not demonstrate that the Plan was eligible for lower-fee share classes, if or when Plaintiffs reviewed the fund prospectuses, or that Plaintiffs otherwise were specifically aware of the availability of identical share classes with lower fees. "Plaintiffs could not have known that the fees were excessive, and thus a basis for an ERISA claim, without the relevant comparison point for assessing excessiveness: fees for comparable funds." *Leber*, 2014 WL 4851816, at *5; *Lutz v. Kaleida Health*, No. 1:18-CV-01112 EAW, 2019 WL 3556835, at *7 (W.D.N.Y. Aug. 5, 2019) (denying motion to dismiss based on statute of limitations where defendants argued that fee disclosures from

2012 placed the plaintiffs on notice of fund fees and expenses because "[t]he Plans and fee disclosures do not disclose the existence of investor class shares with no 12b-1 fees"); *Moreno v. Deutsche Bank Americas Holding Corp.*, No. 15 Civ. 9936 (LGS), 2016 WL 5957307, at *4 (S.D.N.Y. Oct. 13, 2016) (denying the motion to dismiss based on the statute of limitations because "the Complaint explicitly alleges that Plaintiffs did not have knowledge of the comparison of Plan costs and investment performance versus other available alternatives, comparison to other similarly-sized plans, information regarding other available share classes, and information regarding separate and collective trusts until shortly before this suit was filed. . . . Defendants have not shown that it is clear from the face of the Complaint or any judicially noticed court filings that Plaintiffs actually knew of the fee or performance data for the comparable alternative funds more than three years before the commencement of this suit" (internal quotations and citation omitted)). Accordingly, Defendants have not met their burden of showing that the limitations period expired prior to Plaintiffs' filing their complaint, and the Court rejects the statute of limitations defense, at least at this stage of the litigation.

## IV.     Plaintiffs Have Adequately Pleaded Their Claims

### A.     Breach of Fiduciary Duty

Clearview next argues that Plaintiffs have failed to state a claim for breach of fiduciary duty. (Dkt. 24-15 at 21). "To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege facts which, if true, would show that the defendant acted as a fiduciary, breached its fiduciary duty, and thereby caused a loss to the plan at issue." *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan*

*Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 730 (2d Cir. 2013) ("*PBGC*") (citing 29 U.S.C. § 1109(a), and *Pegram v. Herdrich*, 530 U.S. 211, 225-26 (2000)); *see also Laboy v. Bd. of Trustees of Bldg. Service 32 BJ SRSP*, 513 F. App'x 78, 79 (2d Cir. 2013) ("To state a claim for breach of a fiduciary duty, a plaintiff must allege that (1) the defendant was acting as a fiduciary of the plan, (2) the defendant breached that duty, and (3) the breach caused harm to the plaintiff."). Here, Plaintiffs have alleged that Clearview owed them fiduciary duties under the Plan (Dkt. 1 at ¶¶ 26-29); that it breached its fiduciary duties by improperly selecting and retaining the T. Rowe Price mutual funds, due to that class of mutual funds charging a 12b-1 fee, when identical class shares did not charge a 12b-1 fee (*id.* at ¶¶ 100-17); and as a result, the Plan incurred administrative expenses, including expenses exceeding $695,000 by 2018 (*id.* at ¶¶ 97-99).

"[A] claim for a breach of fiduciary duty under ERISA may survive a motion to dismiss—even absent any well-pleaded factual allegations relating directly to the methods employed by the ERISA fiduciary—if the complaint allege[s] facts that, if proved, would show that an adequate investigation would have revealed to a reasonable fiduciary that the investment at issue was improvident." *PBGC*, 712 F.3d at 718 (alteration in original) (quotation omitted). Several courts, including courts in this Circuit, have found allegations that "defendants breached their fiduciary duties by selecting specific retail funds over lower-cost, but otherwise identical, institutional funds . . . are sufficient to survive [a] motion[] to dismiss." *Cunningham*, 2017 WL 4358769, at *8 (citation omitted) (collecting cases); *see also In re M&T Bank Corp. ERISA Litig.*, No. 16-CV-375 FPG, 2018 WL 4334807, at *2, *7 (W.D.N.Y. Sept. 11, 2018) (holding allegations that "the Plan failed to

use its bargaining power as a large institutional investor to obtain the lowest-cost class of shares available" were sufficient to state a breach of fiduciary duty claim under ERISA); *see also Moreno*, 2016 WL 5957307, at *6 ("These specific allegations regarding excessive fees from which Defendants stood to gain is sufficient to support the inference that the process used by the defendants who were Plan fiduciaries to select and maintain the Plan's investment options was 'tainted by failure of effort, competence, or loyalty.'").

Clearview contends that "fee-sharing arrangements between service providers and third-party managers do not in-and-of-themselves create a violation of ERISA." (Dkt. 24-15 at 27-28). It cites to cases from the Seventh Circuit Court of Appeals, including *Divane v. Northwestern Univ.*, 953 F.3d 980 (7th Cir. 2020) and *Loomis v. Exelon Corp.*, 658 F.3d 667 (7th Cir. 2011), which note that such a fee arrangement may be beneficial to different groups of participants, and argues that Plaintiffs' conclusory allegations that selection the T. Rowe Price funds was imprudent is insufficient to support a claim for a breach of fiduciary duty. *Divane* is distinguishable, because the district court had granted dismissal of the complaint after more than one year of discovery and after the plaintiffs had sought leave to file an amended complaint. 953 F.3d at 985-86. Further, the holding in *Loomis* that a fiduciary does not breach its duty simply by offering two classes of funds (both retail and institutional), is distinguishable from Plaintiffs' claims that Defendants breached their fiduciary duties by selecting specific retail funds over lower-cost, but otherwise identical, institutional funds, which are sufficient to survive a motion to dismiss. *See Cunningham*, 2017 WL 4358769, at *7-8 ("[T]o the extent plaintiffs claim that the Plans' menu of investment options should have included lower-cost options such as 'lower-cost insurance

company variable annuities and insurance company pooled separate counts,' this Court agrees that plaintiffs' claims are foreclosed by the principles set out in *Loomis*, *Hecker*, *Renfro*, and *Tibble II*. . . . However, to the extent plaintiffs claim that defendants breached their fiduciary duties by selecting specific retail funds over lower-cost, but otherwise identical, institutional funds, these allegations are sufficient to survive the motions to dismiss." (internal citations omitted)); *see, e.g.,* Dkt. 1 at ¶ 107 ("The different share classes of a mutual fund, such as the T. Rowe Price funds and other funds, are identical in all ways except that the retail shares have a 12b-1 fee, resulting in a higher annual operating expense and lower return for the retail class investors."); *id*. at ¶ 116 ("The Plan did not receive any additional services or benefits based on the use of more expensive share classes; the only consequence was higher costs for the Plan's participants.").

*In re M&T Bank Corp. ERISA Litig.*, 2018 WL 4334807, is instructive as to this issue. There, the plaintiffs alleged that the defendants "had the opportunity to switch from more expensive fee share classes . . . to lower fee share classes" for several investment options, including T. Rowe Price funds. *Id.* at *7. The court denied the defendants' motion to dismiss, noting that the plaintiffs did "not have actual knowledge of Defendants' decision-making processes in selecting investment options for the plan, nor need they possess such knowledge." *Id.* Instead, it was "sufficient for Plaintiffs to allege 'facts that, if proved, would show that an adequate investigation would have revealed to a reasonable fiduciary that the investment at issue was improvident.'" *Id.* (quoting *PBGC*, 712 F.3d at 718).

Similarly, Plaintiffs' allegations are sufficient to state a breach of fiduciary duty claim. Plaintiffs allege that the same shares are available to Defendants without any 12b-1 fees, and that Defendants breached their fiduciary duties by instead choosing share class options that caused the Plans to pay fees. (Dkt. 1 at ¶¶ 102-16). The Court finds that, in light of the case law discussed above, it "may reasonably infer from what is alleged that [Defendants'] process was flawed." *PBGC*, 712 F.3d at 718 (quotation omitted).

Regarding Clearview's contention that Plaintiffs have failed "to include sufficient specific factual allegations to demonstrate that Defendants' conduct was imprudent under the circumstances" (Dkt. 24-15 at 22-25), the Court is unpersuaded by this argument. The Second Circuit has found that "ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail unless and until discovery commences," and accordingly an omission in the complaint of the fiduciary's "knowledge, methods, or investigations at the relevant times. . . . is not fatal to a claim alleging a breach of fiduciary duty." *PBGC*, 712 F.3d at 718. Instead, "a claim for a breach of fiduciary duty under ERISA may survive a motion to dismiss . . . if the complaint alleges facts that, if proved, would show that an adequate investigation would have revealed to a reasonable fiduciary that the investment at issue was improvident." *Id.* (alteration, quotation, and citation omitted); *see Moreno*, 2016 WL 5957307, at *6 (holding an ERISA claim for breach of fiduciary duty survives if based on "circumstantial factual allegations" the "process was flawed"); *Cunningham*, 2017 WL 4358769, at *12 (same). As discussed above, the Court finds Plaintiffs' allegations sufficiently state a breach of fiduciary duty claim. The specific arguments advanced by Clearview—such as that fees may not be excessive considering the

circumstances of the Plan—are arguments to be potentially advanced on summary judgment following discovery, and not at this stage of the case.

Because Plaintiffs have alleged that "the only consequence was higher costs for the Plans' participants" (Dkt. 1 at ¶ 116), their claims are sufficient to survive a motion to dismiss. "While it may turn out that defendants had legitimate and prudent reasons for making the challenged investments available to participants," or that the retail and investment share classes were not truly identical, "accepting the Complaint's allegations as true and drawing all reasonable inferences in favor of the plaintiffs, plaintiffs' allegations are sufficient, at this stage, to survive a motion to dismiss." *Cunningham*, 2017 WL 4358769, at *8. Accordingly, Clearview's motion to dismiss is denied on this basis.

### B. Failure to Monitor and Other Remedies for Breach of Fiduciary Duty

Clearview also argues that Plaintiffs' claims for breach of their duty to monitor and other remedies for breach of fiduciary duty must fail because the complaint fails to state any claim for breach of fiduciary duty by any Defendant. Clearview further contends that the failure to monitor claim is inconsistent with the breach of fiduciary duty claim because "the essence of a failure to monitor claim is that the defendants failed to monitor the plan fiduciaries they appointed and that a breach of fiduciary duty was committed by those appointed fiduciaries." (*See* Dkt. 24-15 at 29-30).

As explained above, the Court disagrees with Clearview's position that the complaint fails to state a claim for breach of fiduciary duty. Regarding the failure to monitor claim, while ERISA does not specifically recognize a claim for failure to monitor, "[a]n appointing fiduciary's duty to monitor his appointees is well-established," and courts

have recognized such a claim. *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461, 477 (S.D.N.Y 2005). The complaint contains allegations that Defendants (including Clearview) breached their duty to monitor by failing to ensure that, to the extent they delegated any of their fiduciary duties, they failed to properly monitor their appointees' consideration and investigation of investment options. (Dkt. 1 at ¶¶ 28, 164-165). Although Clearview contends that the failure to monitor claim is inconsistent with the breach of fiduciary duty claim, Plaintiffs may allege alternative theories of liability, and it may come to light that Clearview delegated its responsibilities to other defendants or non-parties. As explained above, "ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail unless and until discovery commences." *PBGC*, 712 F.3d at 718; *see also In re M&T Bank ERISA Litig.*, 2018 WL 4334807, at *11 ("because the appropriate ERISA mandated monitoring procedures vary according to the nature of the plan at issue and other facts and circumstances, an analysis of the precise contours of the defendants' duty to monitor at this stage is premature" (citation omitted)). Whether Plaintiffs can substantiate their claims remains to be seen, but dismissal is not required at this stage of the litigation.

### V. Plaintiffs' Demand for a Jury Trial

Defendants also ask that the Court strike Plaintiffs' jury demand because the only relief sought by Plaintiffs is equitable in nature. (Dkt. 24-15 at 31; Dkt. 36 at 15). The law surrounding jury trials in ERISA cases is complex. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002) ("The kind of restitution that petitioners seek, therefore, is not equitable—the imposition of a constructive trust or equitable lien on

particular property—but legal—the imposition of personal liability for the benefits that they conferred upon respondents."); *Healthcare Strategies, Inc. v. ING Life Ins. & Annuity Co.*, No. 3:11-CV-282 (JCH), 2012 WL 162361, at *5 (D. Conn. Jan. 19, 2012) ("*Great-West* reconfigured the legal landscape of restitution, and has been interpreted to permit jury trials on ERISA claims when such claims are legal rather than equitable in nature." (quotations and citation omitted)). Clearview has not identified any prejudice that would result from allowing the jury demand to remain at this stage of the litigation. Accordingly, given the complex nature of the issue and the lack of prejudice to Defendants, the Court declines to resolve the motion to strike, and instead denies Clearview's motion without prejudice. *See Taupita Inv., Ltd. v. Benny Ping Wing Leung*, No. 14 Civ. 9739 (PAE), 2017 WL 3600422, at *13 (S.D.N.Y. Aug. 17, 2017) ("[T]his issue is better resolved following discovery and resolution of any motions for summary judgment. . . . The Court accordingly denies the motion to strike plaintiffs' jury demand without prejudice[.]"); *see also Sullivan v. LTV Aerospace and Defense Co.*, 82 F.3d 1251, 1257 (2d Cir. 1996) (ruling on a "previously adjourned" motion to strike after ruling on a motion for summary judgment).

## **CONCLUSION**

For the foregoing reasons, Clearview's motion to dismiss the claims in Plaintiffs' complaint (Dkt. 24) is denied, and Clearview's motion to strike Plaintiffs' jury demand is denied without prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: February 25, 2021
       Rochester, New York