UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLEY SAVAGE, DAVID LEIDLEIN, RONALD COHEN, AND JAMES SHERBURNE *individually and as representatives of similarly situated persons, and on behalf of the Plan,*<br><br>*Plaintiffs,*<br><br>v.<br><br>SUTHERLAND GLOBAL SERVICES, INC., CVAGS, LLC d/b/a CLEARVIEW GROUP, SHILPA KONDA, DIANE MOHORTER, LORI D'AMBROSIO, KATHLEEN DECANN, AND JOHN DOES 1-20,<br><br>*Defendants.* | **Civil Action No.**<br><br>**19-cv-06840-EAW** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR CLASS CERTIFICATION**

 

**THOMAS & SOLOMON LLP**
693 East Avenue
Rochester, New York 14607
(585) 272-0540
*Attorneys for Plaintiffs*

Of Counsel:   J. Nelson Thomas
         Adam T. Sanderson

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................ 1

**FACTUAL AND PROCEDURAL BACKGROUND** ............................................................ 2

*The Parties and the Plan* ........................................................................................................ 2

*Claims of putative class members* ......................................................................................... 3

**PROPOSED CLASS** ................................................................................................................ 4

**ARGUMENT** ............................................................................................................................. 5

I.     PLAINTIFFS SATISFY THE REQUIREMENTS FOR CLASS CERTIFICATION UNDER RULE 23 ................................................................................................... 5

    A.     **The Rule 23(a) requirements are satisfied** ................................................. 5

        1.     Numerosity is satisfied ...................................................................... 6

        2.     Commonality is satisfied .................................................................. 6

        3.     Typicality is satisfied ....................................................................... 8

        4.     Adequacy is satisfied ..................................................................... 10

    B.     **The requirements of Rule 23(b) are satisfied** ......................................... 11

        1.     Rule 23(b)(1)(A) ............................................................................ 12

        2.     Rule 23(b)(1)(B) ............................................................................ 13

    C.     **Appointment of Class Counsel** ................................................................. 14

**CONCLUSION** ....................................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                       **Page(s)**

*Amchem Products, Inc. v. Windsor,*
  521 U.S. 591 (1997) ............................................................................................... 11, 12

*Amgen Inc. v. Conn. Ret. Plans and Trust Funds,*
  568 U.S. 455 (2013) ........................................................................................................ 5

*Banyai v. Mazur,*
  205 F.R.D. 160 (S.D.N.Y. 2002) .................................................................................... 7

*Beach v. JPMorgan Chase Bank, Nat'l Ass'n,*
  No. 17-CV-563 (JMF), 2019 WL 2428631 (S.D.N.Y. June 11, 2019) ......................... 12

*Caridad v. Metro-North Commuter R.R.,*
  191 F.3d 283 (2d Cir. 1999) ........................................................................................ 8, 9

*Clark v. Duke Univ.,*
  16-cv-1044, 2018 WL 1801946 (M.D.N.C. Apr. 13, 2018) ........................................... 1

*Consolidated Rail Corp. v. Town of Hyde Park,*
  47 F.3d 473 (2d Cir. 1995) .............................................................................................. 6

*Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.,*
  502 F.3d 91 (2d Cir. 2007) .............................................................................................. 5

*Cunningham v. Cornell Univ.,*
  16-CV-6525 (PKC), 2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) ...........................*passim*

*Damassia v. Duane Reade, Inc.,*
  250 F.R.D. 152 (S.D.N.Y. 2008) .................................................................................... 7

*Denney v. Deutsche Bank AG,*
  443 F.3d 253 (2d Cir. 2006) ......................................................................................... 10

*Flores v. Anjost Corp.,*
  284 F.R.D. 112 (S.D.N.Y. 2012) .................................................................................... 5

*Henderson v. Emory Univ.,*
  16-cv-2920, 2018 WL 6332343 (N.D. Ga. Sept. 13, 2018) ............................................ 1

*Hicks v. T.L. Cannon Corp.,*
  35 F. Supp. 3d 329 (W.D.N.Y. 2014) ............................................................................. 6

*In re Beacon Assocs. Litig.*,
    282 F.R.D. 315 (S.D.N.Y. 2012) .................................................................................. 1

*In re Flag Telecom Holdings. Ltd. Sec. Litig.*,
    574 F.3d 29 (2d Cir. 2009) ........................................................................................ 10

*In re Global Crossing Sec. & ERISA Litig.*,
    225 F.R.D. 436 (S.D.N.Y. 2004) .................................................................................. 1

*In re J.P. Morgan Stable Value Fund ERISA Litig.*,
    12-cv-2548, 2017 WL 1273963 (S.D.N.Y. Mar. 31, 2017) ................................................. 14

*In re Omnicom Group, Inc. Sec. Litig.*,
    02 Civ. 4483, 2007 WL 1280640 (S.D.N.Y. Apr. 30, 2007) ................................................. 6

*In re Polaroid ERISA Litig.*,
    240 F.R.D. 65 (S.D.N.Y. 2006) .................................................................................... 7

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
    163 F.R.D. 200 (S.D.N.Y.1995) .................................................................................... 6

*In re Schering Plough Corp. ERISA Litig.*,
    589 F.3d 585 (3d Cir. 2009) ................................................................................... 1, 14

*In re Visa Check/MasterMoney Antitrust Litig.*,
    280 F.3d 124 (2d Cir. 2001) ........................................................................................ 5

*Krueger v. Ameriprise Fin., Inc.*,
    304 F.R.D. 559 (D. Minn. 2014) ............................................................................ 11, 14

*LaFlamme v. Carpenters Local No. 370 Pension Plan*,
    212 F.R.D. 448 (N.D.N.Y. 2003) ................................................................................. 8

*Leber v. Citigroup 401(k) Plan Inv. Comm.*,
    323 F.R.D. 145 (S.D.N.Y. 2017) ..........................................................................*passim*

*Marisol A. v. Giuliani*,
    126 F.3d 372 (2d Cir. 1997) ..................................................................................... 8, 9

*Mass Mut. Life Ins. Co. v. Russell*,
    473 U.S. 134 (1985) .................................................................................................... 4

*Mendez v. Radec Corp.*,
    232 F.R.D. 78 (W.D.N.Y. 2005) .................................................................................. 5

*Moreno v. Deutsche Bank Americas Holding Corp.*,
  15 CIV. 9936 (LGS), 2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017) .............................. 9, 12

*Ortiz v. Fibreboard Corp.*,
  527 U.S. 815 (1999) ........................................................................................................ 14

*Ramos v. Banner Health*,
  325 F.R.D. 382 (D. Colo. 2018) ...................................................................................... 11

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993) .............................................................................................. 9

*Robinson v. Metro-North Commuter R.R. Co.*,
  267 F.3d 147 (2d Cir. 2001) .............................................................................................. 5

*Sacerdote v. N.Y. Univ.*,
  16-cv-6284 (KBF), 2018 WL 840364 (S.D.N.Y. Feb. 13, 2018) ............................... *passim*

*Scholtisek v. Eldre Corp.*,
  229 F.R.D. 381 (W.D.N.Y. 2005) ..................................................................................... 5

*Shahriar v. Smith & Wollensky Rest. Group, Inc.*,
  659 F.3d 234 (2d Cir. 2011) ........................................................................................... 8, 9

*Surowitz v. Hilton Hotels Corp.*,
  383 U.S. 363 (1966) ......................................................................................................... 11

**Statutes**

29 U.S.C. §1132(a) (2) ............................................................................................................ 1, 10

29 U.S.C. § 1002(2) (A) ................................................................................................................ 2

29 U.S.C. § 1002(21) .................................................................................................................... 3

29 U.S.C. § 1002(34) .................................................................................................................... 2

29 U.S.C. § 1002(38) .................................................................................................................... 3

29 U.S.C. § 1104(a) (1) ................................................................................................................ 7

29 U.S.C. § 1109(a) .................................................................................................................... 10

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

## PRELIMINARY STATEMENT

When courts decide class certification motions in cases like these (cases in which a plan participant sues in a representative capacity on behalf of the Plan for lost Plan assets), courts almost invariably rule in favor of class certification.

Here, the Named Plaintiffs (Ashley Savage, David Leidlein, Ronald Cohen, and James Sherburne) bring this case on a representative basis under 29 U.S.C. § 1132(a) (2) to recover losses by the Plan (the Sutherland Global Services, Inc. 401(k) Plan), more specifically, losses due to excessive administrative and/or recordkeeping services stemming from the defendants' breach of fiduciary duty. This claim fits squarely within the requirements for class certification under Federal Rule of Civil Procedure ("Rule") 23: this case will rise or fall on the single issue of whether the Plan is entitled to recover these fees under the Employee Retirement Income and Security Act ("ERISA"). The outcome does not depend on individual issues, or even whether certain individuals are or are not entitled to recovery because the recovery would be to the Plan as a whole. Thus, cases such as these are "paradigmatic example[s]" of class actions under Rule 23(b) (1). *In re Beacon Assocs. Litig.*, 282 F.R.D. 315, 342 (S.D.N.Y. 2012); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004)); *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009) (citing cases); *Cunningham v. Cornell Univ.*, 16-CV-6525 (PKC), 2019 WL 275827, at *5 (S.D.N.Y. Jan. 22, 2019); *Henderson v. Emory Univ.*, 16-cv-2920, 2018 WL 6332343, at *10 (N.D. Ga. Sept. 13, 2018); *Clark v. Duke Univ.*, 16-cv-1044, 2018 WL 1801946, at *10 (M.D.N.C. Apr. 13, 2018); *Sacerdote v. New York Univ.*, 16-cv-6284 (KBF), 2018 WL 840364, at *8 (S.D.N.Y. Feb. 13, 2018).

The Court should therefore certify this action as a class action under Rule 23(b) (1).

## FACTUAL AND PROCEDURAL BACKGROUND

*The Parties and the Plan*

The Plan covering is a defined contribution employee benefit plan under 29 U.S.C. § 1002(2) (A) and § 1002(34). *See* Dkt. No. 1 ("Complaint"), at ¶ 79. Each putative class member, as well as each of the four Named Plaintiffs, is a participant in the Plan. *See id.*, at ¶¶ 7-10. As of December 31, 2017, the Plan had $57,880,306 in net assets, 9,301 total participants and 8,267 participants with account balances. *See id.*, at ¶ 83; *see also* Dkt. No. 24-8.

The class claims are against all the defendants, namely, Sutherland Global Services, Inc., Shilpa Konda, Diane Mohorter, Lori D'Ambrosio, Kathleen DeCann, and the parties Sutherland delegated fiduciary functions or responsibilities, (collectively, "Sutherland Defendants"), together with defendant CVAGS, LLC d/b/a Clearview Group ("Clearview") (all together, collectively "Defendants.") *See, e.g.*, Complaint, at ¶¶ 12-62. The putative class asserts breach of fiduciary claims against each defendant. *See id.*, at ¶¶ 12-62.

The putative class members suing on behalf of the Plan all rely on the same evidence to support their claim that these entities were fiduciaries and breached their fiduciary duty to the Plan. As some examples, the class complaint alleges that Defendant Sutherland is the Administrator and the named fiduciary of the Plan and that Sutherland had the exclusive authority to control and manage the operation and administration of the Plan. *See id.*, at ¶¶ 14-15; *see also* Dkt. Nos. 24-2, 24-3.

More specifically, the claims made by the Named Plaintiffs as representatives of the Plan arise from Defendant Sutherland's duty to review the performance of any Fiduciary (or other person to whom fiduciary duties to the Plan have been delegated or allocated). *See* Dkt. No. 24-2, at § 2.1. Using that authority, in 2014, Sutherland entered into a consulting agreement with Clearview to conduct a vendor search for an entity who would maintain the Plan record for the putative class. *See* Affirmation of Adam T. Sanderson ("Sanderson Aff."), **Exhibit A**.[1] Further, in 2015, Sutherland entered into a consulting agreement with Clearview for Clearview to serve as an investment manager of the Plan as defined by 29 U.S.C. § 1002(21). *See id.* Prior to the commencement of this action, Sutherland entered into a consulting agreement with Clearview for Clearview to serve as an investment manager of the Plan as defined by 29 U.S.C. § 1002(38). *See* Complaint, at ¶ 27.

The balance of each participant's account is based on the value of contributions and investment earnings, less expenses. *See, e.g.*, Dkt. No. 24-8, at 31.

*Claims of putative class members*

On October 21, 2020, Defendants' motion to dismiss the Complaint was denied in its entirety. *See* Dkt. No. 38. The Named Plaintiffs allege that Defendants breached their fiduciary duties under ERISA with respect to the Plan's administrative and/or recordkeeping fees. *See* Complaint, at ¶¶ 26-29.

<u>Excessive Administrative and Recordkeeping Fees</u>

The Named Plaintiffs allege on behalf of the Plan that defendants failed to satisfy their fiduciary duties under ERISA by failing to establish, implement, and follow procedures to properly and prudently determine whether the fees and expenses paid by the Plan for the

---

[1] All Exhibits referenced herein are attached to the Sanderson Aff.

putative class members were reasonable, causing the Plan to pay fees and expenses that were unreasonable and not incurred solely for the benefit of the putative class members. *See* Complaint, at ¶¶ 140-144, 146.

The evidence accumulated in discovery bears out the Named Plaintiffs' allegations in the Complaint. The vendor search process that commenced in 2014 identified T. Rowe Price, as the top candidate, with ADP "a distant second." *See* **Exhibit B**, Levitsky Dep. Tr. Volume II, 151:10-23; *see also* **Exhibit C**, Morhorter Dep. Tr. 84:17-85:11. Sutherland, however, decided to not give the business to the top-tier candidate, T. Rowe Price, but instead to the "distant second," ADP, who was a large client of Sutherland's and who had used its relationship with Sutherland to be given the 401(k) work. *See* **Exhibit C**, Morhorter Dep. Tr. 96:5-97:11. ADP's lobbying efforts were successful and therefore Sutherland put its own interests ahead of the Plan. Because of this, the Plan sustained significant losses—and went with an inferior vendor according to Sutherland's own internal analysis.

## PROPOSED CLASS

ERISA authorizes any plan participant to bring an action on behalf of a plan to enforce ERISA's fiduciary duties and to recover all losses to a plan caused by a breach of fiduciary duty. *See* 29 U.S.C. §§ 1132(a) (2), 1109(a). Plaintiffs bring this action "in a representative capacity on behalf of the plan as a whole" to recover losses to their Plan caused by defendants' breaches, and to obtain equitable remedies. *Mass Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985). Plaintiffs seek to represent and to certify the following class:

> All participants in the Sutherland Global Services, Inc. 401(k) Plan from November 13, 2013, through the date of judgment, excluding the Defendants and any participant who is a fiduciary to the Plan.

**ARGUMENT**

I. **PLAINTIFFS SATISFY THE REQUIREMENTS FOR CLASS CERTIFICATION UNDER RULE 23.**

Class certification is to be granted when the four requirements of Rule 23(a) are met and at least one of the following provisions of Rule 23 is met: (b) (1), (b) (2), (b) (3) or (c) (4). *See In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 132-33 (2d Cir. 2001) (analyzing Rule 23(a) and 23(b) requirements); *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 167-68 (2d Cir. 2001) (directing district courts to apply the more permissive Rule 23(c) (4) standard as well as Rule 23(b) standards); *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 109 (2d Cir. 2007) (same).

Although courts must conduct a "rigorous analysis" to ensure that the Rule 23(a) elements are met, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans and Trust Funds*, 568 U.S. 455, 466 (2013); *Flores v. Anjost Corp.*, 284 F.R.D. 112, 122 (S.D.N.Y. 2012) (citation omitted). "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.*

As set forth below, plaintiffs have more than satisfied all of the requirements for class certification under Rule 23.

A. **The Rule 23(a) requirements are satisfied**

In order to satisfy Rule 23(a) requirements, plaintiffs must show that the four elements-numerosity, commonality, typicality and adequacy-have been met. *See Mendez v. Radec Corp.*, 232 F.R.D. 78, 90 (W.D.N.Y. 2005); *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 385 (W.D.N.Y. 2005). Here, the proposed class meets all four requirements.

1. <u>Numerosity is satisfied</u>

Numerosity is satisfied because the Named Plaintiffs have presented sufficient evidence demonstrating that the class size is at least 40 members. Under Rule 23(a) (1), a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a) (1). "In this Circuit, numerosity is 'presumed at a level of 40 members.'" *Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 159 (S.D.N.Y. 2017) (quoting *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)).

Here, the Plan had more than 4,000 participants throughout the proposed class period, with over 12,000 participants as of year-end 2016. *See* Dkt. Nos. 24-4 – 24-9, at 2, Line 6(g) of each. Thus, numerosity is satisfied.

2. <u>Commonality is satisfied</u>

The Named Plaintiffs have also satisfied the commonality requirement having shown "there are questions of law or fact common to the class." *See* Fed. R. Civ. P. 23(a) (2); *Hicks v. T.L. Cannon Corp.*, 35 F. Supp. 3d 329, 351 (W.D.N.Y. 2014) ("Commonality occurs where the class members' claims share a common question of law or fact, and the disputed issue of law or fact occupies essentially the same degree of centrality to the named [p]laintiffs' claims as to that of the other members of the class.") (internal quotations and citations omitted).

This requirement is "generally considered a 'low hurdle' easily surmounted." *In re Omnicom Group, Inc. Sec. Litig.*, 02 Civ. 4483, 2007 WL 1280640, at \*3 (S.D.N.Y. Apr. 30, 2007) (quoting *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 206 n.8 (S.D.N.Y.1995)). Commonality does not mean that all issues must be identical as to each class member, but simply requires that plaintiffs identify some unifying thread among the

members' claims that warrants class treatment. *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 156 (S.D.N.Y. 2008) (citation omitted). Thus, "courts have liberally construed the commonality requirement to mandate a minimum of one issue common to all class members." *Id.*

Because an ERISA fiduciary breach action is undertaken on behalf of the plan regarding duties owed at the plan level, "common questions of law and fact are central to the case." *Cunningham*, 2019 WL 275827, at *5. In fact, the questions of liability itself on a claim on behalf of a plan that defendants breached their fiduciary duties under ERISA presents a common issue for purposes of certification under Rule 23. *See id.* ("In general, the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries.") (quoting *In re Glob. Crossing Sec. and ERISA Litig.*, 225 F.R.D. at 452; *see also In re Polaroid ERISA Litig.*, 240 F.R.D. 65, 74 (S.D.N.Y. 2006) (same) (quoting *Banyai v. Mazur,* 205 F.R.D. 160, 163 (S.D.N.Y.2002)).

Here, defendants owed duties to the Plan, and the putative class members claims all concern plan-level decisions regarding the selection of the Plan's recordkeeper and administrative fees. *See* 29 U.S.C. § 1104(a) (1) ("[A] fiduciary shall discharge his duties with respect to a plan."). Essentially, the same fee structure and the same fiduciary actions and omissions applied to *all* putative class members.

Therefore, even though a single common question is sufficient, there are numerous questions of fact or law common to the putative class members, including:

1. Whether each defendant is a fiduciary to the Plan;

2. Whether defendants breached their fiduciary duties by taking (or failing to take) actions that resulted in unreasonably high fees;

3. Whether the Plan suffered losses from the foregoing breaches;

   4. How to calculate the Plan's losses; and

   5. What equitable relief should be imposed in light of those breaches.

As courts have repeatedly held, the answers to these questions will drive the resolution of this litigation and do not depend on the circumstances of any particular participant, thereby satisfying the commonality requirement. Further, the evidence required to answer these contentions are Plan-level facts and are therefore the same for all Plan participants. *Sacerdote*, 2018 WL 840364, *3.

   3.  <u>Typicality is satisfied</u>

Like commonality, typicality is also satisfied here because the Named Plaintiffs and putative class members have the same claims and will make the same arguments to establish liability.

Typicality is established where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a) (3). Moreover, Rule 23's commonality and typicality requirements tend to merge and are generally examined together. *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (commonality and typicality requirements tend to merge into one another as both seek to ensure that the named plaintiffs' claims are closely interrelated to those of the class); *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999).

As with commonality, "the test for typicality is not demanding." *LaFlamme v. Carpenters Local No. 370 Pension Plan*, 212 F.R.D. 448, 453 (N.D.N.Y. 2003) (internal quotations omitted). The legal standard for typicality is satisfied when the putative class members share similar factual or legal issues with the named plaintiffs. *Shahriar v. Smith &*

*Wollensky Rest. Group, Inc.*, 659 F.3d 234, 252 (2d Cir. 2011) (citing *Marisol A.*, 126 F.3d at 376 (court finds that the typicality and commonality requirements are met "if plaintiffs' grievances share a common question of law or of fact")); *see also Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993) ("[T]ypicality requirement is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability."). Further, typicality "does not require that the factual background of each named plaintiff's claim be identical to that of all class members," *Caridad*, 191 F.3d at 293, nor does it require that all Plan participants invest in identical funds at identical times. *Leber*, 323 F.R.D. at 573; *Cunningham*, 2019 WL 275827, at *7 ("[V]ariations between Plan participants' individual account choices do not destroy the typicality of plaintiffs' claims."). Accordingly, "when it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Robidoux*, 987 F.2d at 936–37.

Because a § 1132(a) (2) claim is inherently a representative claim, any participant's claim is necessarily typical of the claims of the class, since any participant is asserting the Plan's claim. Here, the Named Plaintiffs alleged actions or inactions committed by defendants that were directed to and affected the Plan as a whole. Named Plaintiffs and putative class members have alleged a common course of conduct that unites their prudence claims. For example, the Named Plaintiffs allege that defendants failed to satisfy their fiduciary duties under ERISA by failing to establish, implement, and follow procedures to properly and prudently determine whether the fees and expenses paid by the Plan for recordkeeping services were reasonable and in the best interest of participants. *See e.g., Moreno*

*v. Deutsche Bank Americas Holding Corp.*, 15 CIV. 9936 (LGS), 2017 WL 3868803, at *7 (S.D.N.Y. Sept. 5, 2017) *leave to appeal denied*, No. 17-2911, 2017 WL 6506349 (2d Cir. Dec. 19, 2017) (finding typicality satisfied where each plaintiff "participated in the Plan during the time period when the recordkeeping fees were allegedly excessive").

Moreover, the plaintiffs and all putative class members are bringing the same claims under the same legal and remedial theory: enforcement through § 1132(a) (2) of defendants' obligations under § 1109(a) to make good to the Plan the losses caused by defendants' breaches of duty and to obtain appropriate equitable relief. Thus, the Named Plaintiffs' claims are typical of those of the putative class members, satisfying the typicality requirement.

    4.    <u>Adequacy is satisfied</u>

The final requirement of Rule 23(a)—whether the representative parties will fairly and adequately protect the interests of the class—is also satisfied here.

In determining whether adequacy is satisfied under Rule 23(a) (4), the court considers two elements. First, the class representatives "must have an interest in vigorously pursuing the claims of the class," with no "fundamental" conflicts of interest that would render them antagonistic to the class. *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006). Second, class counsel must be "qualified, experienced, and able to conduct the litigation." *In re Flag Telecom Holdings. Ltd. Sec. Litig.*, 574 F.3d 29, 34 (2d Cir. 2009) (internal quotations omitted). Plaintiffs have satisfied these elements.

Named Plaintiffs' interests are aligned with those of the putative class members because they all are acting on behalf of their Plan in seeking to enforce the fiduciary duties that defendants owed to the Plan and to recover damages and equitable relief that are due to

the Plan. *See* 29 U.S.C. § 1109(a). Because Plaintiffs are pursuing claims on behalf of the Plan, as opposed to individual claims, there are no conflicts between Plaintiffs' individual interests and the interests of the class. *See Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 574–75 (D. Minn. 2014).

Further, a class representative needs only a basic understanding of the claims and a willingness to participate in the case. *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966). The "adequacy analysis cannot be divorced from the type of claims at issue," and "[t]his is particularly the case with respect to claims under a remedial statute such as ERISA," which is "an enormously complex and detailed statute." *Ramos v. Banner Health*, 325 F.R.D. 382, 396 (D. Colo. 2018) (internal quotations and citations omitted). Here, the class representatives understand the nature of their claims and duties as a class representative to vigorously prosecute this case through its conclusion. They have demonstrated that commitment to date by, *inter alia*, reviewing the complaint, responding to defendants' discovery, and Named Plaintiff David Leidlein appeared for his deposition. Thus, Named Plaintiffs are adequate representatives. *See* Sanderson Aff. at ¶ 20.

### B. The requirements of Rule 23(b) are satisfied

In addition to meeting the requirements of Rule 23(a), the proposed class also satisfies Rule 23(b) (1).[2] Under Rule 23(b) (1), a class may be certified if prosecution of separate actions by individual class members would create a risk of:

---

[2] Plaintiffs only address class certification under Rule 23(b) (1) because it is clear that certification is proper under Rule 23(b) (1), and Rule 23(b) (3) is intended to address "situations in which class action treatment is not as clearly called for as it is in Rule 23(b) (1) …" *Amchem Products, Inc.*, 521 U.S. at 615. However, in the event that further analysis were required, the proposed class also satisfies the requirements of Rule 23(b) (3) because the common questions in this case "predominate" and class treatment is "superior." *See* Fed. R. Civ. P. 23(b) (3).

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]

Fed. R. Civ. P. 23(b) (1). Here, the proposed class plainly satisfies this Rule in light of the nature of the claims alleged, which are brought on behalf of the Plan. Indeed, courts in similar ERISA fiduciary breach cases have overwhelmingly granted certification under Rule 23(b) (1), "'[b]ecause of ERISA's distinctive representative capacity and remedial provisions, ERISA litigation of this nature presents a paradigmatic example of a (b) (1) class.'" *Beach v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-CV-563 (JMF), 2019 WL 2428631, at *9 (S.D.N.Y. June 11, 2019) (quoting *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. at 452; *see also Sacerdote*, 2018 WL 840364 (certifying class under 23(b) (1)); *Leber*, 323 F.R.D. (same), *Moreno*, 2017 WL 3868803 (same).

    1.    <u>Rule 23(b) (1) (A)</u>

"Rule 23(b) (1) (A) takes in cases where the party is obligated by law to treat the members of the class alike." *Amchem Products, Inc., v. Windsor*, 521 U.S. 591, 614 (1997) (internal quotations and citation omitted). "One person may have rights against, or be under duties toward, numerous persons constituting a class, and be so positioned that conflicting or varying adjudications in lawsuits with individual members of the class might establish incompatible standards to govern his conduct." Fed. R. Civ. P. 23, Adv. Comm. Note, 1966 amend., sub. (b) (1) (A). Defendants owed their fiduciary duties to all participants in the Plan, and hence to all putative class members. In discharging their duties to the Plan,

defendants, as fiduciaries, were obligated to treat all participants (hence all class members) alike.

Allowing thousands of individual class members to pursue this action on behalf of the Plan could result in varying adjudications over whether defendants breached their duties as alleged, whether defendants are liable for these actions, and how to measure damages to the Plan and other relief. *See Cunningham*, 2019 WL 275827, at *8 ("[A]llowing multiple individual cases risks incompatible results and issues of administration of the Plans that may have inconsistent effects across all plaintiffs."). As to the administrative and recordkeeping fees claim, the fact-finder will have to determine the Plans' losses by deciding—with expert testimony—how much the recordkeepers were paid, whether the services of all recordkeepers were necessary, and whether the fees were reasonable. Individual adjudications to resolve any one of these issues would create incompatible standards for defendants in so far as losses or profits they must restore to the Plan under §1109(a), and what defendants must do to the Plan's service providers.

Thus, plaintiffs have satisfied the requirements of Rule 23(b) (1) (A).

### 2. Rule 23(b) (1) (B)

For similar reasons, class certification is also appropriate under Rule 23(b) (1) (B), as one participant's action over these claims could effectively dispose of the other participants' actions over the same claims because they concern the same actions, damages, and fiduciary duties owed to the Plan.

An action "which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or beneficiaries, and which requires an accounting or like measures to restore the subject of the trust," are typical Rule

23(b) (1) (B) actions. Fed. R. Civ. P. 23, Adv. Comm. Note, 1966 amend., sub. (b) (1) (B); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 834 (1999) (quoting same). Because of the trust-like nature of a defined contribution plan, with fiduciary duties owed to the plan, many courts, including several in the Second Circuit, have found similar claims to be model Rule 23(b)(1)(B) class actions. *See, e.g., Cunningham*, 2019 WL 275827, at *8; *Sacerdote*, 2018 WL 840364, at *6; *Leber*, 323 F.R.D. at 165 & n.17 ("The structure of ERISA favors the principles enumerated under Rule 23(b) (1) (B).") (internal quotations and citations omitted)(collecting cases); *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d at 604 (collecting cases); *Krueger*, 304 F.R.D. at 575–78. Even if absent participants were not barred by *res judicata* from litigating the same claims on behalf of the Plan, as a "practical matter" a prior adjudication of whether the fiduciaries breached their duties to the Plan would influence a subsequent court's adjudication of the same claims. Fed. R. Civ. P. 23(b) (1) (B).

Thus, plaintiffs have satisfied the requirements of Rule 23(b) (1) (B).

### C. Appointment of Class Counsel

Rule 23(g) governs appointment of class counsel. Under this rule, courts must consider (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing the class," and may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *In re J.P. Morgan Stable Value Fund ERISA Litig.*, No. 12-cv-2548, 2017 WL 1273963, at *16 (S.D.N.Y. Mar. 31, 2017) (quoting Fed. R. Civ. P. 23(g) (1) and collecting cases).

Proposed class counsel satisfies these requirements thus that the Court should appoint Thomas & Solomon LLP as class counsel. *See* Sanderson Aff. at ¶¶ 21-27.

## CONCLUSION

For all the foregoing reasons, the Court should (1) certify the matter as a class action pursuant to Rule 23(b) (1); (2) approve the Named Plaintiffs as class representatives; (3) appoint Thomas & Solomon LLP as class counsel; and (4) for such other relief as this Court deems just and proper.

Dated: November 22, 2023

                **THOMAS & SOLOMON LLP**

By:   /s/ Adam T. Sanderson
       J. Nelson Thomas, Esq.
       Adam T. Sanderson, Esq.
       *Attorneys for Plaintiffs*
       693 East Avenue
       Rochester, New York 14607
       Telephone:  (585) 272-0540
       nthomas@theemploymentattorneys.com
       asanderson@theemploymentattorneys.com