UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────

ASHLEY SAVAGE, DAVID LEIDLEIN, RONALD
COHEN, and JAMES SHERBURNE, *individually and as
representatives of similarly situated persons, and on behalf of the
Plan*,

                             Plaintiffs,

           v.

SUTHERLAND GLOBAL SERVICES, INC., CVAGS,
LLC d/b/a CLEARVIEW GROUP, SHILPA KONDA,
DIANE MOHORTER, LORI D'AMBROSIO,
KATHLEEN DECANN, and JOHN DOES 1-20,

                          Defendants.

───────────────────────────────────────────

Civil Action
No. 6:19-cv-06840-EAW

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Respectfully submitted,

PHILLIPS LYTLE LLP
Attorneys for Defendants
*Sutherland Global Services, Inc.,*
*Shilpa Konda, Diane Mohorter,*
*Lori D'Ambrosio, and Kathleen DeCann*
28 E. Main Street, Suite 1400
Rochester, New York 14614
Telephone No. (585) 238-2000

Kevin J. Mulvehill
Mark F. Pincelli
— Of Counsel —

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 1

    I.     Plaintiffs' failed to demonstrate that they have standing to bring this case, and failed to demonstrate that they are adequate class representatives ................. 2

    II.    Plaintiffs' failed to provide any evidence or support regarding commonality . 5

    III.   Plaintiffs' failed to provide any evidence regarding typicality ........................ 6

    IV.   Plaintiffs' failed to provide evidence regarding adequacy of representation.... 6

ARGUMENT .................................................................................................................. 8

POINT I      THE NAMED PLAINTIFFS LACK ARTICLE III STANDING TO BRING THESE CLAIMS ON BEHALF OF THE PUTATIVE CLASS ..... 8

POINT II     EVEN ASSUMING, *ARGUENDO*, THAT THE NAMED PLAINTIFFS CAN ESTABLISH STANDING (THEY CANNOT), THEY HAVE STILL FAILED TO ESTABLISH ALL FOUR ELEMENTS OF RULE 23(A) .....12

POINT III    PLAINTIFFS HAVE FAILED TO SATISFY THE REQUIREMENTS OF RULE 23(B) ............................................................................................18

CONCLUSION ..............................................................................................................19

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Amchem Prods. Inc. v. Windsor*,
  521 U.S. 591 (1997) .................................................................................................17

*Boyette v. Montefiore Medical Center*,
  2023 WL 7612391 (S.D.N.Y. Nov. 13, 2013) ................................................... 10, 11

*Buffington v. Progressive Advanced Ins. Co.*,
  342 F.R.D. 66 (S.D.N.Y. 2022) ...............................................................................13

*Consol. Rail Corp. v. Town of Hyde Park*,
  47 F.3d 473 (2d Cir. 1995) .......................................................................................13

*Coopers & Lybrand v. Livesay*,
  437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) ..............................................12

*Falberg v. Goldman Sachs Group, Inc.*, ,
  No. 19 Civ. 9910 (ER), 2022 WL 538146 at *7 (S.D.N.Y. Feb. 14, 2022) ............14

*Firestone Tire & Rubber v. Bruch*,
  489 U.S. 101 (1989) ...................................................................................................8

*Flick v. Am. Fin. Res., Inc.*,
  No. CV 10-3084, 2011 WL 13305360 (E.D.N.Y. June 29, 2011)..............................8

*General Telephone Co. of Southwest Florida v. Falcon*,
  457 U.S.147 (1982) ...................................................................................................12

*In re Drexel Burnham Lambert Grp., Inc.*,
  960 F.2d 285 (2d Cir. 1992) .....................................................................................18

*In re Flag Telecom Holdings, Ltd. Securities Litigation*,
  574 F.3d 29 (2d Cir. 2009) ................................................................................. 15, 17

*In re Initial Pub. Offerings Sec. Litig.*,
  471 F.3d 24 (2d Cir. 2006) .......................................................................................13

*In re J.P. Morgan Stable Value Fund ERISA Litig.*,
  No. 12-CV-2548 (VSB), 2017 WL 1273963 (S.D.N.Y. Mar. 31, 2017)..................13

*In re Omnicom ERISA Litig.*,
  No. 20-CV-4141 (CM), 2021 WL 3292487 (S.D.N.Y. Aug. 2, 2021) ..................9, 10

*In re UBS ERISA Litig.*,
  No. 08-cv-6696 (RJS), 2014 WL 4812387 (S.D.N.Y. Sept. 29, 2014)....................10

*In re Vale S.A. Securities Litigation*,
  Case No. 1:15-cv-9539-GHW, 2019 WL 11032303 (S.D.N.Y. Sept. 27, 2019) ..............14, 16

*Khan v. Bd. of Directors of Pentegra Defined Contribution Plan*
  20-CV-07561 (PMH), 2023 WL 6256204 (S.D.N.Y. Sept. 26, 2023) .....................13

*Larue v. DeWolff, Boberg & Associates, Inc.*,
   552 U.S. 248 (2008) .................................................................................................10

*Leber v. Citigroup 401(k) Plan Investment Committee*,
   323 F.R.D. 145 (S.D.N.Y. 2017) ...................................................................9, 13, 14

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000) .......................................................................................9

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
   693 F.3d 145 (2d Cir. 2012) .......................................................................................9

*Ret. Bd. of the Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of N.Y. Mellon*,
   775 F.3d 154 (2d Cit. 2014) ........................................................................................9

*Robertson v. Nat'l Basketball Ass'n*,
   556 F. 2d 682 (2d Cir. 1977) .....................................................................................18

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993) ......................................................................................15

*Saladino v. I.L.G.W.U. Nat'l Retirement Fund*,
   754 F.2d 473 (2d Cir. 1985) .......................................................................................8

*Spann v. AOL Time Warner, Inc.*,
   219 F.R.D. 307 (S.D.N.Y. 2003) ...............................................................................18

*Szabo v. Bridgeport Machines, Inc.*,
   249 F.3d 672 (C.A.7 2001) ........................................................................................13

*Taveras v. UBS AG*,
   612 Fed. App'x 27 (2d Cir. 2015) .........................................................................9, 10

*Thole v. U.S. Bank N.A.*,
   140 S. Ct. 1615 (2020) ...............................................................................................10

*U.S. Parole Comm'n v. Geraghty*,
   445 U.S. 388 (1980) ...................................................................................................16

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) .................................................................................. 12, 13, 14

*Wood v. Prudential Retirement Insurance and Annuity Co.*,
   No. 3:15-CV-1785 (VLB), 2017 WL 3381007 (D. Conn. Aug. 4, 2017)................17

**Statutes**

29 U.S.C. § 1002(7) .........................................................................................................8

29 U.S.C. § 1132(a)(1) .....................................................................................................8

**Rules**

Fed. R. Civ. P. 23(a).................................................................................. 12, 13, 15, 16

Federal Rule of Civil Procedure 23................................................................................1, 13

Rule 23(b)(1) ..................................................................................................................18

Rule 23(b)(1)(A) ................................................................................................18

Rule 23(b)(1)(B) ...........................................................................................18, 19

## PRELIMINARY STATEMENT

Defendants Sutherland Global Services, Inc. ("Sutherland"), Shilpa Konda, Diane Mohorter, Lori D'Ambrosio, and Kathleen DeCann (collectively "Sutherland Defendants") submit this memorandum in opposition to the Plaintiffs' motion for class certification ("Plaintiffs' Motion").  For the reasons discussed below, Plaintiffs have failed to meet their burden to establish, among other things, that (1) the named plaintiffs (Ashley Savage, David Leidlein, Ronald Cohen, and James Sherburne) have standing to bring this case on behalf of the putative class, and (2) they have satisfied all the requirements under Federal Rule of Civil Procedure 23.  Accordingly, Plaintiffs' Motion should be denied.

## STATEMENT OF FACTS

By way of background, Plaintiffs filed the complaint in this action on November 13, 2019.  Dkt. 1 (the "Complaint").  The Complaint primarily focuses on allegations that Defendants selected and retained retail class shares of target-date mutual funds with 12b-1 fees instead of offering allegedly identical investor or institutional class shares of the same funds without a 12b-1 fee.  *See generally* Dkt. 1 (e.g., ¶¶ 99-117, 147).

Although Plaintiffs make other vague allegations in the Complaint that they were allegedly charged excessive administrative fees, Plaintiffs provide no factual basis to support this claim.  Indeed, the Complaint does not point to any other particular administrative or recordkeeping fees claimed to be excessive or provide any information as to the basis for their related conclusion(s).  Dkt. 1 ¶ 96.

Similarly, Plaintiffs summarily assert that the "Named Plaintiffs' claims are typical of the claims of other members because Named Plaintiffs, like other Class members, participated in the Plan and have suffered injuries due to Defendants' imprudence."  Dkt. 1

at ¶ 124.  However, **Plaintiffs have not provided any support for their opinion that the Plan's fees were outside of normal parameters**.  Simply put, Plaintiff's claim that the Plan's fees are excessive relative "to the services rendered" lacks any basis.

Indeed, after three years of litigation, Plaintiffs are yet to define and/or provide any substantive support for their theory of the case.

Nonetheless, Plaintiffs currently seek to certify the following class:

> All participants in the Sutherland Global Services, Inc. 401(k) Plan from November 13, 2013, through the date of judgment, excluding the defendants and any participant who is a fiduciary to the Plan.

Plaintiffs' Motion at 4.

Plaintiffs' Motion must be denied. As set forth below, Plaintiffs have failed to meet their burden to establish that they are the appropriate representatives for the putative class, or that the class is appropriate for certification.

## I.     Plaintiffs' failed to demonstrate that they have standing to bring this case, and failed to demonstrate that they are adequate class representatives

As an initial matter, Plaintiffs have failed to demonstrate that the named plaintiffs have standing to bring this lawsuit.  The named plaintiffs have not identified any actual harm that they allegedly personally suffered as a result of any alleged breach of fiduciary duty.  The reason for this failure is obvious: the named plaintiffs did not actually suffer any harm from any of the alleged breaches.  Moreover, the named plaintiffs have failed to identify any other actual harm they purportedly suffered due to any alleged breach.

For example, as indicated above, Plaintiffs' claim appears to be that the Plan should have selected the class of T. Rowe Price Target Date funds that paid no 12b-1 fees or

other revenue sharing (the "I Class") rather than the selected "Advisor Class" which charged participants 0.40% in expenses.  Dkt. 1 at ¶¶ 101-103.  Even assuming, *arguendo*, that Plaintiffs claim is true (which it is not), none of the named plaintiffs suffered any injury from the Defendants' related decision. Instead, as discussed below, the named plaintiffs actually benefited from this arrangement.



As background, i███████████████████████████████████████

██████████████████████████. Mulvehill Decl. ¶ 3, Ex. A.  ████████

████████████████████████████████████████████████

███████████████ Mulvehill Decl. ¶ 4, Ex. B.  ██████████████

████████████████████████. Mulvehill Decl. ¶ 5, Ex. B.  ████████████

████████████████████████████████████████████

██████████████. Mulvehill Decl. ¶ 6, Ex. B.  ████████████████

████████████████████████████████████████

██████████████. Mulvehill Decl. ¶ 7, Ex. C.

██████████████████████████████████████

████████████████████████████████████████

████████████████████. Mulvehill Decl. ¶ 8, Ex. A.  ████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████. Mulvehill Decl. ¶ 9, Ex. A, Ex. D.  ████████████



. Mulvehill Decl. ¶ 10, Ex. E.

.[1]  Mulvehill Decl. ¶ 11, Ex. C.

Mulvehill Decl. ¶ 12, Ex. A.

. Mulvehill Decl. ¶ 13, Ex. A.

. Mulvehill Decl. ¶ 14, Ex. A.

. Mulvehill Decl. ¶ 15, Ex. C.

. Mulvehill Decl. ¶ 16.

[1] . Mulvehill Decl. n. 1, Ex. E.

██████████████████████████████████████████.  Mulvehill Decl. ¶ 17, Exs. F-I.

Therefore, they paid less than $53 per year in recordkeeping fees. Meaning that the alleged

breach of fiduciary duty outlined in the complaint (i.e., the selection of Advisor Class funds

rather than I Class funds), did not harm the Named Plaintiffs but, rather, benefitted them.

## II.     Plaintiffs' failed to provide any evidence or support regarding commonality

Regarding commonality, Plaintiffs simply assert that the "same fee structure

and the same fiduciary actions and omissions applies to *all* putative class members."

Plaintiffs' Motion at 7.  As set forth above, the fee structure did not apply equally to all

putative class members.  Again, it is Plaintiffs' burden to demonstrate that any fee structure

applies equally, and Plaintiffs have failed to do so.  Plaintiffs' Motion at 7-8.

Moreover, Plaintiffs have not identified what other specific actions or

omissions are common to the class.  Instead, Plaintiffs propose five questions which they

allege are common to the class:

1. Whether each defendant is a fiduciary to the Plan;

2. Whether defendants breached their fiduciary duties by taking (or failing to take) actions that resulted in unreasonably high fees;

3. Whether the Plan suffered losses from the foregoing breaches;

4. How to calculate the Plan's losses; and

5. What equitable relief should be imposed in light of those breaches.

Plaintiffs' Motion at 7-8.

These asserted "common questions" are nothing more than a recitation of the

elements of a breach of fiduciary claim.  Plaintiffs have not identified what particular fees

were "unreasonably high," or how they affected all members of the class.   In fact, as set forth above, because certain fee structures affected different putative class members differently, the damages suffered by each putative class member would obviously vary, and cannot be a common question in this litigation.  Even assuming, *arguendo*, that the fee structure could be a common question, Plaintiffs have not presented any evidence or facts supporting this contention and, as such, have failed to meet their burden.

### III.    Plaintiffs' failed to provide any evidence regarding typicality

Likewise, Plaintiffs have failed to provide any support or evidence demonstrating that the claims alleged by the named plaintiffs are typical of the claims of the other putative class members.  Instead, Plaintiffs rely on generalities and provide one "example."  Plaintiffs' Motion at 9.  (alleging "that defendants failed to satisfy their fiduciary duties under ERISA by failing to establish, implement, and follow procedures to properly and prudently determine whether the fees and expenses paid by the Plan for recordkeeping services were reasonable and in the best interest of the participants.").  Again, Plaintiffs do not state what fees or expenses allegedly were not reviewed and, as such, it is impossible to determine whether the named plaintiffs' claims are typical to those of the rest of the putative class.

Additionally, Plaintiffs state that the same claims are brought under the same legal theories under ERISA, but again, fail to state what those claims are and how they are typical of the entire class.  Again, Plaintiffs have failed to meet their burden.

### IV.    Plaintiffs' failed to provide evidence regarding adequacy of representation

Plaintiffs' motion asserts that the proposed class counsel is adequate, but a simple review of the docket in this case, and in *Lutz et al. v. Kaleida Health, et al.*, Case No.

1:18-CV-011112 (EAW), demonstrates otherwise. *Lutz* is a case brought by the same class counsel as the present case. Mulvehill Decl. ¶ 18, Ex. J. The allegations and complaint are nearly identical. *Id.*

In *Lutz*, class counsel hired an expert, who failed to take into account numerous factors relevant to damages in his report and, after receiving the defendants' expert report, sought to amend and submit an improper rebuttal report. *See Lutz*, Dkt. 121. The defendants sought to strike the plaintiffs' expert's reports. *See Lutz*, Dkt. 82, 91. In reviewing the plaintiffs' expert's reports, Judge McCarthy noted that the damages projected in the initial report are materially different from those projected in the rebuttal report. *See Lutz*, Dkt. 121. Indeed, Judge McCarthy indicated that the plaintiffs exhibited "a fundamental lack of understanding of the purposes of a rebuttal report . . . ." *See Lutz*, Dkt. 121 at 3 (citation omitted). Moreover, Judge McCarthy questioned whether the expert retained by class counsel had employed "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field" and had been "as careful as he would be in his regular professional work outside his paid litigation consulting." *Lutz*, Dkt. 121 at 7 (cleaned up). Accordingly, Judge McCarthy struck the expert report, and rebuttal report of class counsel's expert (which was affirmed by Judge Wolford on appeal). *Lutz*, Dkt. 121, 128. Presently, in that case, the plaintiffs have been ordered to "address the effect (if any) of the striking of (the plaintiffs' expert reports) on their ability to obtain class certification." *Lutz*, Dkt. 135.

Although class counsel has experience acting as class counsel in other regards, this case and *Lutz* appear, upon information and belief, to be their first forays into ERISA litigation.

**ARGUMENT**

**POINT I**

**THE NAMED PLAINTIFFS LACK ARTICLE III STANDING TO BRING THESE CLAIMS ON BEHALF OF THE PUTATIVE CLASS**

As an initial matter, a private right of action can be commenced under ERISA **only** by participants and beneficiaries of benefit plans. *Flick v. Am. Fin. Res., Inc.*, No. CV 10-3084, 2011 WL 13305360, at *3 (E.D.N.Y. June 29, 2011) (citing 29 U.S.C. § 1132(a)(1)). The statute defines the term "participant" as "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). The Supreme Court has held that "the term participant is naturally read to mean either employees in, or reasonably expected to be in, currently covered employment, or former employees who have ... a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Firestone Tire & Rubber v. Bruch*, 489 U.S. 101, 117 (1989) (citations and internal quotations marks omitted). "A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, however, simply, does not fit within the phrase 'may become eligible.'" *Id.* (quoting *Saladino v. I.L.G.W.U. Nat'l Retirement Fund*, 754 F.2d 473, 476 (2d Cir. 1985)). In the present case, the named plaintiffs are all former employees of Sutherland, they have not established that they have a "reasonable expectation of returning to covered employment" with Sutherland, and they do not have a colorable claim to vested benefits because they are no longer participants in the Plan. *See* Mulvehill Decl. ¶ 17, Exs. F-I. Accordingly, Plaintiffs do not fall within the definition of individuals who may bring a claim under ERISA.

Even assuming, *arguendo*, that the named plaintiffs fall within the definition of a participant under ERISA (they do not), the named plaintiffs cannot establish Article III standing. To establish standing, a plaintiff must show that he (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Leber v. Citigroup 401(k) Plan Investment Committee*, 323 F.R.D. 145, 154 (S.D.N.Y. 2017). Indeed, the plaintiff bears the burden of proving they have standing to bring this litigation by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The Second Circuit has established a two-part test for class standing:

> [I]n a putative class action, a plaintiff has class standing if he plausibly alleges (1) that he personally has suffered some actual injury as a result of the putatively illegal conduct of the defendant, and (2) that such conduct implicates the same set of concerns as the conduct alleged to have caused injury to other members of the putative class by the same defendants.

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012). If both prongs are satisfied, the named plaintiff's incentives are sufficiently aligned with the absent class members, and the named plaintiff may properly assert claims on their behalf. *Ret. Bd. of the Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of N.Y. Mellon*, 775 F.3d 154, 161 (2d Cit. 2014). "An ERISA plan participant lacks standing to sue for ERISA violations that cause injury to a plan but not individualized injury to the plan participant." *In re Omnicom ERISA Litig.*, No. 20-CV-4141 (CM), 2021 WL 3292487, at *9 (S.D.N.Y. Aug. 2, 2021) (quoting *Taveras v. UBS AG*, 612 Fed. App'x 27, 29 (2d Cir. 2015)).

In *Omnicom*, the plaintiffs asserted four allegations: (1) imprudent management due to prolonged inclusion of the Fidelity Freedom Active funds in the Plan's

investment menu; (2) imprudent management due to prolonged inclusion of the Neuberger Berman and Morgan Stanley funds (with those two being grouped together); (3) maintaining excessive recordkeeping and administrative fees; and (4) maintaining an unreasonably expensive investment menu. *Id.* Omnicom argued that the plaintiffs lacked standing "to sue for injuries resulting to investors who had money in funds in which [the putative class representatives] did not personally invest." *Id.*at *6. The court likened the Omnicom Plan to that at issue in *In re UBS ERISA Litig.*, No. 08-cv-6696 (RJS), 2014 WL 4812387, at *7 (S.D.N.Y. Sept. 29, 2014) *aff'd, Taveras v. UBS AG*, 612 F. App'x 27 (2d Cir. 2015). Both cases dealt with defined contribution participant-directed 401(k) plans. In both *Omnicom* and *UBS*, the courts held that the named plaintiffs did not have standing to assert damages when their accounts were not affected by alleged losses incurred due to alleged mismanagement. *Id.*at *9. The court summarized as follows:

> "There is no ERISA exception to Article III," so a plaintiff must have a "concrete stake" in the injury to the Plan in order to bring suit. [*Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1622 (2020)]. I return to *LaRue*: plan participants like plaintiffs can seek redress on behalf of their Plan only do so to the extent that their own accounts have suffered injury – which is to say, they cannot sue for generalized mismanagement, only for mismanagement that caused injury to them as individual participants. [*Larue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248, 256 (2008)].

*Omnicom*, 2021 WL 3292487 at *10.[2]

Notably, just last month, a nearly identical claim was dismissed because the named plaintiffs failed to establish standing for the same reasons that the named plaintiffs in this case fail to establish standing. *Boyette v. Montefiore Medical Center*, 2023 WL 7612391

---

[2]    To the extent that the named plaintiffs assert that they have what is generally referred to as "statutory standing," the Second Circuit has made clear that for defined contribution plans (like that at issue here), "An ERISA plan participant lacks standing to sue for ERISA violations that cause injury to a plan but not individualized injury to the plan participant." *Taveras v. UBS AG*, 612 Fed. App'x 27, 29 (2d Cir. 2015).

(S.D.N.Y. Nov. 13, 2013).  Notably, the named plaintiffs in *Boyette*, alleged excessive recordkeeping fees.  *Id.* at *4.  In *Boyette*, the plan employed an "asset-based recordkeeping fee schedule."  *Id.*  "The plaintiffs' argument as to the unreasonableness of the Plan's recordkeeping fees is based on the comparison between what the plaintiffs purport to be the Plan's per-participant fees and a 'reasonable' range of fees charged by similarly sized plans."  *Id.*  However, the named plaintiffs failed to set forth what they actually paid each year in recordkeeping fees, and whether that was unreasonable, or outside the range of reasonableness set forth in their complaint.  *Id.*  Therefore, because they "fail[ed] to plead a cognizable injury for Article III standing on their recordkeeping fees claim, the claim must be dismissed."  *Id.*

The case at hand is nearly identical to *Boyette*.  Here, the named plaintiffs have never even identified what a reasonable range of recordkeeping fees would be, let alone even identifying what they actually paid in recordkeeping fees.  For the same reasons set forth in *Boyette*, the named plaintiffs have failed to establish standing and, accordingly, cannot bring this action on behalf of the putative class.

In addition, like the named plaintiffs in both *Omnicom* and the cases cited therein, the named plaintiffs in this case lack standing because their accounts were not affected by alleged losses incurred due to alleged mismanagement.  As set forth above, the 12b-1 fee arrangement benefitted many employees because ███████████████████ ████████████████████████████.  Mulvehill Decl. ¶ 16.  The named plaintiffs had, at most at any time, the following amounts in their accounts:

- David Leidlein: $███████ (with an outstanding loan of $██████
- Ashley Savage: $███████

- James Sherburne: $███████

- Ronald Cohen: ███████ (with an outstanding loan of $█████)

Mulvehill Decl. ¶ 17, Exs. F-I.  Further, there is no basis to conclude that the fees charged to higher balanced participants were unreasonable.  To the extent that the named plaintiffs assert that they have suffered some other injury based on some other alleged breach of fiduciary duty, Plaintiffs have failed to meet their burden to identify said injury.

Based on the foregoing, Plaintiffs' Motion must be denied in its entirety.

## POINT II

**EVEN ASSUMING, *ARGUENDO*, THAT THE NAMED PLAINTIFFS CAN ESTABLISH STANDING (THEY CANNOT), THEY HAVE STILL FAILED TO ESTABLISH ALL FOUR ELEMENTS OF RULE 23(A)**

In addition to establishing standing, Plaintiffs must demonstrate that the four elements of Rule 23(a) have been satisfied.  Those four elements are: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy.  Fed. R. Civ. P. 23(a).

In *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), the Supreme Court explained as follows:

> We recognized in *Falcon* that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," 457 U.S., at 160, 102 S.Ct. 2364, and that certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied," *id.*, at 161, 102 S.Ct. 2364; see id., at 160, 102 S.Ct. 2364 ("[A]ctual, not presumed, conformance with Rule 23(a) remains ... indispensable"). Frequently that "rigorous analysis" will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped. "'[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Id.*, at 160, 102 S.Ct. 2364 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); some internal quotation marks omitted). Nor is there anything unusual about that consequence: The necessity of

> touching aspects of the merits in order to resolve preliminary
> matters, e.g., jurisdiction and venue, is a familiar feature of
> litigation. *See Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672,
> 676–677 (C.A.7 2001) (Easterbrook, J.).

*Id.* at 350-52.

In addition, "[p]laintiffs must provide 'enough evidence, by affidavits, documents or testimony' to satisfy the court that each Rule 23 requirement has been met." *In re J.P. Morgan Stable Value Fund ERISA Litig.*, No. 12-CV-2548 (VSB), 2017 WL 1273963, at *5 (S.D.N.Y. Mar. 31, 2017) (quoting *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006). "The plaintiff carries the burden of establishing by a preponderance of the evidence that each of the requirements of Rule 23 is met." *Khan v. Bd. of Directors of Pentegra Defined Contribution Plan*, No. 20-CV-07561 (PMH), 2023 WL 6256204, at *1 (S.D.N.Y. Sept. 26, 2023) (quoting *Buffington v. Progressive Advanced Ins. Co.*, 342 F.R.D. 66, 70 (S.D.N.Y. 2022)). "The Court's determination involves a 'rigorous analysis,' to ensure actual, not presumed, conformance with Rule 23." *Id.*

In the present case, Plaintiffs have failed to provide sufficient evidence to satisfy any element, other than perhaps numerosity, let alone all four elements under Rule 23(a).[3]  As such, for this additional reason, Plaintiffs' Motion must be denied.

## A.   Plaintiffs have failed to satisfy the commonality element of Rule 23(a)

The commonality requirement is satisfied when the plaintiff's grievances raise "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  A common question is one that is "capable of classwide resolution—which means that determination of

---

[3]     Sutherland Defendants concur that in the Second Circuit, numerosity is "presumed at a level of 40 members", *Leber*, 323 F.R.D. at 159 (quoting *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)).  However, it is not clear that Plaintiffs have sufficiently identified 40 class members similar to the named plaintiffs and that numerosity has been satisfied.  In any event, it is Plaintiffs' burden to establish this element, and they have failed to do so.

its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). The key issue is "the capacity of a classwide proceeding to generate common answers." *Id.* at 350 (emphasis in original).

Indeed, in ERISA cases, courts have held that commonality exists between the members by plaintiffs alleging that the defendants' conduct in managing the plan shows the defendants failed to adequately monitor the plan's investments. *Leber*, 323 F.R.D. at 160; see also *Falberg v. Goldman Sachs Group, Inc.*, No. 19 Civ. 9910 (ER), 2022 WL 538146 at *7 (S.D.N.Y. Feb. 14, 2022). However, as set forth above in Point I, the named plaintiffs do not have a common issue with the other putative class members. Specifically, they have not been harmed by any of the specifically alleged breaches of fiduciary duty. *See* Point I. The fact that they benefitted from the selection of Advisor Class funds demonstrates that their alleged injury (which does not exist), is not common to the class, and, therefore, they have failed to meet their burden. *See* Point I.

Moreover, simply reciting the elements of a cause of action is insufficient to satisfy the commonality requirement. *See e.g. In re Vale S.A. Securities Litigation*, Case No. 1:15-cv-9539-GHW, 2019 WL 11032303, at *5 (S.D.N.Y. Sept. 27, 2019) (finding that the lead plaintiffs' proposed common questions were "simply the elements of Rule 10b-5" and were "framed at too high a level of abstraction").

In the present case, Plaintiffs have proffered the following common questions:

1. Whether each defendant is a fiduciary to the Plan;
2. Whether defendants breached their fiduciary duties by taking (or failing to take) actions that resulted in unreasonably high fees;
3. Whether the Plan suffered losses from the foregoing breaches;

4.   How to calculate the Plan's losses; and
5.   What equitable relief should be imposed in light of those
     breaches.

These alleged "common questions" are just the elements of a breach of

fiduciary duty claim (*i.e.* (1) duty, (2) breach, (3) causation, and (4) damages).  In other

words, Plaintiffs have clearly failed to meet their burden.  Further, Plaintiffs' Motion does

not cite to a single piece of evidence addressing commonality and, therefore, has failed in

this regard as well.  In addition, Plaintiffs' Motion does not provide any level of analysis

regarding the alleged common questions.  Plaintiffs do not explain how resolution of the

alleged common questions will resolve an issue "central to the validity of each one of the

claims in one stroke."  Rather, Plaintiffs' Motion simply recites boilerplate case law, and

rests on general factual allegations unsupported by any specifics or evidence.

Accordingly, Plaintiffs' Motion must be denied.

**B.   Plaintiffs have failed to satisfy the typicality element of Rule 23(a)**

Rule 23(a)(3) requires that "the claims or defenses of the representative parties

are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality

requirement is satisfied "[w]hen it is alleged that the same unlawful conduct was directed at

or affected both the named plaintiff and the class sought to be represented[.]" *Robidoux v.

Celani*, 987 F.2d 931, 936 (2d Cir. 1993). Thus, typicality requires that "each class member's

claim arises from the same course of events and each class member makes similar legal

arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Securities

Litigation*, 574 F.3d 29, 35 (2d Cir. 2009) (citation omitted).

In the present case, Plaintiffs have again only offered generalities.  Plaintiffs

assert that the "alleged actions or inactions committed by defendants . . . were directed to

and affected the Plan as a whole."  Plaintiffs' Motion at 9.  However, Plaintiffs have not explained what the alleged actions or inactions were and, therefore, it is impossible to assess whether the named plaintiffs' claims are typical of those of the putative class.  Additionally, Plaintiffs assert that the defendants failed to "establish, implement, and follow procedures to properly and prudently determine whether the fees and expenses paid by the Plan for recordkeeping services were reasonable and in the best interest of participants."  Plaintiffs' Motion at 9.  Again, however, this level of generality makes it impossible to assess whether the named plaintiffs' claims are typical of the putative class.  *See e.g. In re Vale S.A. Securities Litigation*, Case No. 1:15-cv-9539-GHW, 2019 WL 11032303, at *7 (S.D.N.Y. Sept. 27, 2019).

Further, Plaintiffs are seeking to certify a class dating back to  January 1, 2013, but the facts alleged in Plaintiffs' Motion appear to revolve around the 2014 RFP process.  It is unclear what claim would be typical of putative class members pre-2014 RFP process, and post-2014 RFP process.  Likewise, other class members left the Plan at one point or another and, therefore, could have different claims than the named plaintiffs. Plaintiffs' generalities are simply not enough to demonstrate that any potential claim of the named plaintiffs is typical of all of the putative class members.[4]

As such, Plaintiffs' Motion must be denied for failure to demonstrate typicality.

## C.     Plaintiffs have failed to satisfy the adequacy element of Rule 23(a)

"Adequacy 'entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are

---

[4]      Although a district court has the power to certify subclasses, it is not the court's burden to construct subclasses and the court has no obligation to do so.  *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 408 (1980).

qualified, experienced and able to conduct the litigation.'" *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (citation omitted). "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 625 (1997). Moreover, former plan members are inadequate to seek prospective injunctive relief. *Wood v. Prudential Retirement Insurance and Annuity Co.*, No. 3:15-CV-1785 (VLB), 2017 WL 3381007, at *5 (D. Conn. Aug. 4, 2017).

In the present case, the named plaintiffs are all former members of the Plan and, accordingly, cannot seek any injunctive relief. Further, as set forth above in Point I in greater detail, the named plaintiffs have not suffered the same injury as the class members. Again, the decision to utilize Advisor Class funds *benefitted* the named plaintiffs. *See* Point I above. As such, the named plaintiffs are not adequate class representatives.

In addition to the named plaintiffs not being adequate class representatives, plaintiffs have also failed to meet their burden of demonstrating that their attorneys can serve as adequate class counsel. On this point, in the *Lutz* case, (where Thomas & Solomon LLP represents a similar putative class for nearly identical claims under ERISA), the plaintiffs' expert's reports have been stricken (which was affirmed by Judge Wolford on appeal). *See Lutz*, Dkt. 121, 128. Presently, in that case, the plaintiffs have been ordered to "address the effect (if any) of the striking of (the plaintiffs' expert reports) on their ability to obtain class certification." *See Lutz*, Dkt. 135. Plaintiffs have not provided any evidence that Thomas & Solomon LLP has any experience litigating ERISA claims other than this case and *Lutz*. *See* Declaration of Adam T. Sanderson, ¶¶ 21-27, Dkt. 122-2.

As such, Plaintiffs have failed to demonstrate that they or their attorneys are adequate representatives for the putative class.

## POINT III

**PLAINTIFFS HAVE FAILED TO SATISFY THE REQUIREMENTS OF RULE 23(B)**

Rule 23(b)(1) provides that certification is appropriate where "prosecuting separate actions by or against individual class members would create a risk of:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23 (b)(1).

"An action may be maintained under Rule 23(b)(1)(A) when the defendant is required by law or by necessity to treat all members of the class alike." *Spann v. AOL Time Warner, Inc.*, 219 F.R.D. 307, 321 (S.D.N.Y. 2003) (citation omitted). "Rule 23(b)(1)(B) permits a class action to be maintained if a congeries of individual actions would 'impair or impede' the interests of other members of the putative class." *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 292 (2d Cir. 1992) (citing *Robertson v. Nat'l Basketball Ass'n*, 556 F. 2d 682, 685 (2d Cir. 1977)).  In the present case, Plaintiffs assert that the class should be certified pursuant to Rule 23(b)(1)(A) and/or 23(b)(1)(B).  But like the rest of Plaintiffs' Motion, there is no substance to the assertions, and instead, Plaintiffs appear to rely on boilerplate statements of law with general allegations.

Plaintiffs assert that under Rule 23(b)(1)(A), allowing thousands of individual class members to pursue this action would result in varying adjudications over whether

defendants breached their duties as alleged.  Plaintiffs' Motion at 13.  However, such adjudications are necessary because Plaintiffs have failed to provide any evidence that Sutherland Defendants breached any duty to all of the putative class members.  On this point,  because ████████████████████████████████████████████████ ████, individualized assessments will be necessary to determine whether the selection of Advisor Class Funds caused individual putative class members to pay more or less in recordkeeping fees.  Mulvehill Decl. ¶ 10, Ex. E; Mulvehill Decl. ¶ 16.  Moreover, Plaintiffs generally assert that the Plan suffered losses, but have still failed to identify what specific losses were suffered by the Plan itself.

In addition, certification under 23(b)(1)(B) is also inappropriate due to Plaintiffs' failures.  Plaintiffs asset that a prior adjudication of whether the fiduciaries breached their duties would influence a subsequent court's adjudication of the same claims is simply inaccurate.  But again, as set forth above, it is not readily apparent that any breach of fiduciary claim injured (or is even alleged to have injured) the account of every member of the putative class.  Even assuming Plaintiffs' theory that there was a breach of a fiduciary duty is correct (it is not), Sutherland Defendants could not have breached its duty to each putative class member under the only theory proposed by Plaintiffs.  As such, Plaintiffs' single sentence justification for certifying the class under Rule 23(b)(1)(B) is insufficient.

For this additional reason, Plaintiffs' Motion must be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion should be denied in its entirety.

Dated:  December 18, 2023
   Rochester, New York

PHILLIPS LYTLE LLP

By: */s/ Kevin J. Mulvehill*
   Kevin J. Mulvehill
   Mark F. Pincelli
Attorneys for Defendants
*Sutherland Global Services, Inc.,*
*Shilpa Konda, Diane Mohorter,*
*Lori D'Ambrosio, and Kathleen DeCann*
28 E. Main Street, Suite 1400
Rochester, New York 14614
Telephone No. (585) 238-2000
kmulvehill@phillipslytle.com
mpincelli@phillipslytle.com

Doc #5110040