UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ASHLEY SAVAGE, DAVID LEIDLEIN, RONALD COHEN, AND JAMES SHERBURNE *individually and as representatives of similarly situated persons, and on behalf of the Plan*,

*Plaintiffs*,

v.

SUTHERLAND GLOBAL SERVICES, INC., CVAGS, LLC d/b/a CLEARVIEW GROUP, SHILPA KONDA, DIANE MOHORTER, LORI D'AMBROSIO, KATHLEEN DECANN, AND JOHN DOES 1-20,

*Defendants.*

Civil Action No.

19-cv-06840-EAW

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION**

THOMAS & SOLOMON LLP
693 East Avenue
Rochester, New York 14607
(585) 272-0540
*Attorneys for Plaintiffs*

Of Counsel:   J. Nelson Thomas
              Adam T. Sanderson

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND................................................................. 2

ARGUMENT ......................................................................................................................... 3

I.     CLAIM ON WHICH PLAINTIFFS ARE SEEKING CLASS CERTIFICATION ... 3

II.    NAMED PLAINTIFFS HAVE STANDING TO BRING THE CLAIM ON BEHALF OF THE CLASS ................................................................................................... 4

III.   PLAINTIFFS SATISFY THE REQUIREMENTS OF RULE 23.............................. 5

      A.    Plaintiffs satisfy the commonality and typicality requirements...............5

      B.    Plaintiffs satisfy the adequacy requirement.............................................7

      C.    Defendants' Attacks on the Adequacy of Proposed Class Counsel are Meritless...................................................................................................8

      D.    Plaintiffs satisfy the requirements of Rule 23(b) ....................................8

IV.   DEFENDANTS' ARGUMENT REGARDING PROSPECTIVE RELIEF IS MERITLESS ............................................................................................................ 9

CONCLUSION........................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**                                                     **Page(s)**

*Cunningham v. Cornell Univ.*,
 16-CV-6525 (PKC), 2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) ....................... 6

*Falberg v. Goldman Sachs Grp., Inc.*,
 No. 19 Civ. 9910 (ER), 2020 WL 3893285 (S.D.N.Y. Jul. 9, 2020) .................... 5

*Fogarazzao v. Lehman Bros., Inc.*,
 232 F.R.D. 176 (S.D.N.Y. 2005) ....................................................................... 7

*In re J.P. Morgan Stable Value Fund ERISA Litig.*,
 No. 12-cv-2548, 2017 WL 1273963 (S.D.N.Y. Mar. 31, 2017) ......................... 8

*Jacobs v. Verizon Commc'ns Inc.*,
 No. 16 Civ. 01082, 2020 WL 4601243 (S.D.N.Y. June 1, 2020) ....................... 9

*Khan v. Bd. of Dirs. of Pentegra Defined Contribution Plan*,
 No. 20-CV-07561 (PMH), 2023 WL 6256204 (S.D.N.Y. Sept. 26, 2023) ......... 7

*Marisol A. v. Giuliani*,
 126 F.3d 372 (2d Cir. 1997) .............................................................................. 6

*Moreno v. Deutsche Bank Ams. Holding Corp.*,
 No. 15 Civ. 9936, 2017 WL 3868803 (S.D.N.Y. Sep. 5, 2017) ......................... 7

*Tibble v. Edison Int'l.*,
 No. CV 07-5359, 2009 WL 6764541 (C.D. Cal. June 30, 2009) ....................... 7

**Rules**

Fed. R. Civ. P. 23 ................................................................................................ passim

## PRELIMINARY STATEMENT

In the moving papers, plaintiffs explained why cases such as these are considered paradigmatic candidates for class action treatment. Defendants were unable to meaningfully challenge this well-settled law.

Rather, defendants rely on a hodgepodge of arguments that never effectively refute the need for class certification on the claim for which plaintiffs' motion seeks to certify a class. Mainly, defendants assert that under one theory of this case, Named Plaintiffs lack Article III standing and therefore do not have claims common and typical of that of the proposed class. The mathematical (albeit flawed and based on incomplete evidence) and legal complexities of these arguments need not detain the Court because that is not a claim on which plaintiffs are seeking class certification. Instead, the allegation that has been at the heart of the case, the primary focus of this litigation, and which defendants acknowledge is the claim on which plaintiffs' moving papers were brought, is the decision made by defendants to select an inferior recordkeeper according to their own internal analysis that resulted in the Plan paying higher total compensation to the recordkeeper, including when accounting for a flat $50 transactional fee, when they could have selected a recordkeeper their internal analysis identified as the top candidate with lower overall fees, including no flat $50 transactional fee. The defendants do not claim that standing prevents this claim from being certified, or that this claim does not present issues common and typical among members of the proposed class, nor could they, as every Named Plaintiff and putative class member is subject to the same tangible harm of being subject to an inferior recordkeeper and of having to pay a transaction fee that they did not need to be charged.

Defendants' remaining arguments on the adequacy factor are misleading and meritless thus that they do not provide a basis to deny certification. Accordingly, there is no basis on which to deny the plaintiffs' request for class certification.

## FACTUAL AND PROCEDURAL BACKGROUND

Not long into litigation in this matter, the parties focused their attention on the basis for the defendants' liability, namely, defendants' selection of an inferior recordkeeper for the Plan according to their own internal analysis, resulting in the Plan paying a higher total compensation to the recordkeeper, including when accounting for a flat $50 transactional fee, when, during an RFP conducted in 2014, they could have selected a recordkeeper their internal analysis identified as the top candidate with lower overall fees, including no flat $50 transactional fee (hereinafter "Excessive Recordkeeper Total Compensation Claim"). *See* Affirmation of Adam T. Sanderson executed January 8, 2024 ("Sanderson Aff."), at ¶¶ 5-6.

Here, each of the Named Plaintiffs and putative class members were harmed, *inter alia*, as a result of having their retirement savings depleted or being subject to be depleted by unreasonable and unnecessary fees in the form of a $50 transactional fee. *See* Sanderson Aff. at ¶¶ 19- 26. For example, Named Plaintiff Ashley Savage paid nearly 10% of the total value of her retirement savings with Sutherland in transactional fees to ADP. *See id.* at ¶ 25.

The Excessive Recordkeeper Total Compensation Claim on which plaintiffs' moving papers seek class certification is clearly not a surprise to defendants, as (1) both Sutherland Defendants[1] and Clearview's oppositions acknowledged that the claim on which plaintiffs' moving papers were brought are focused and narrowed on the 2014 vendor selection/RFP

---

[1] "Sutherland Defendants" refers to all defendants except CVAGS, LLC d/b/a Clearview Group ("Clearview").

process as the source of injury and the basis for their claim (*see* Dkt. No. 126 ("Sutherland Defendants' Opposition"), at 16 ("[T]he facts alleged in Plaintiffs' Motion . . . revolve around the 2014 RFP process."); Dkt. No. 125 ("Clearview's Opposition"), at 3 ("In the Motion at hand, Plaintiffs . . . have focused and narrowed their position, referencing the 2014 vendor selection/RFP process as the source of their injuries and the basis for their claims.")); (2) plaintiffs have set forth their position concerning the Excessive Recordkeeper Total Compensation Claim following their initial review of evidence in 2021, including laying out their position in detail in correspondence dated October 4, 2021; and (3) the Court permitted further limited discovery on this issue. *See* Sanderson Aff. at ¶¶ 7-18.

## ARGUMENT

I.     **CLAIM ON WHICH PLAINTIFFS ARE SEEKING CLASS CERTIFICATION**

The first issue that needs to be addressed is: What is the claim on which the plaintiffs seek to certify a class?

As set forth in plaintiffs' moving papers and acknowledged in defendants' opposition papers, plaintiffs seek to certify a class based on the Excessive Recordkeeper Total Compensation Claim, *i.e.*, a class consisting of those participants subject to the unreasonable and unnecessary $50 transactional fee stemming from the 2014 RFP process. *See* Sanderson Aff. at ¶¶ 5-18. While defendants acknowledge in passing that this is the claim on which plaintiffs' moving papers seek certification (*see* Sanderson Aff. at ¶ 8), they cannot and do not challenge that this claim is appropriate for class treatment. Instead, they redirect their argument, and attempt to misdirect the reader's attention, to an assertion that the Named Plaintiffs lack standing to certify an entirely separate claim, a claim involving the selection of the share class for mutual funds offered as investment options.

Because the plaintiffs seek to certify a class based on the Excessive Recordkeeper Total Compensation Claim (and not one on the selection of the share class for mutual funds), the defendants' attacks never touch the plaintiffs' arguments, instead falling on arguments of defendants' own creation.

## II. NAMED PLAINTIFFS HAVE STANDING TO BRING THE CLAIM ON BEHALF OF THE CLASS

The focus of the defendants' response papers is that the Named Plaintiffs do not have standing to bring a motion for class certification. As noted above, this argument, though, suffers from a fatal flaw that runs throughout defendants' papers: although defendants know full well plaintiffs are asserting a claim for class certification based on the Excessive Recordkeeper Total Compensation Claim (*see* Sanderson Aff. at ¶¶ 8-18), they do not, and cannot, argue that plaintiffs lack standing to certify that claim. Instead, defendants argue that plaintiffs do not have standing to certify an entirely different claim, a claim that the selection of the share class for mutual fund offered as investment options. This is not a claim on which the plaintiffs seek certification. Nor do the defendants argue that this entirely separate claim has any impact on the Excessive Recordkeeper Total Compensation Claim.

Moreover, there is no dispute that plaintiffs have standing under the Excessive Recordkeeper Total Compensation Claim. Discovery has shown that Named Plaintiffs have established an injury to their individual retirement account, and thus Article III standing. *See* Sanderson Aff. at ¶¶ 19-26. Accordingly, the Named Plaintiffs clearly have a concrete stake in the mismanagement of the Plan in selecting ADP, the inferior vendor, over T. Rowe Price, which defendants themselves assessed would provide the highest level of services and was the least expensive provider. *See id.*

Having satisfied that threshold requirement, plaintiffs have a cause of action under § 1132(a) (2) to pursue relief "that sweeps beyond [their] own injury" and to seek relief for the entire Plan. *Falberg v. Goldman Sachs Grp., Inc.*, No. 19 Civ. 9910 (ER), 2020 WL 3893285, at 8 (S.D.N.Y. Jul. 9, 2020) (internal citation omitted) (collecting cases). Moreover, plaintiffs have class standing because the conduct that harmed Named Plaintiffs and the putative class members arises from the "same set of concerns" – defendants' failure to establish, implement, and follow procedures to properly and prudently determine whether the fees and expenses paid from Plan assets, including when accounting for administrative fees charged to Plan Participant's individual accounts, such as distribution/withdrawal fees, were reasonable.

## III.   PLAINTIFFS SATISFY THE REQUIREMENTS OF RULE 23

Plaintiffs' opening memorandum showed that the proposed class satisfies the four requirements of Rule 23(a) – numerosity[2], commonality, typicality, and adequacy – and that the case presents a "paradigmatic" example of a claim appropriate for certification under Rule 23(b) (1), as other courts have routinely found.

### A.   Plaintiffs satisfy the commonality and typicality requirements

As illustrated in plaintiffs' moving papers, the commonality and typicality requirements are satisfied.

First, as set forth in plaintiffs' moving papers, the Named Plaintiffs and putative class member's claim turn on the "common contention" that defendants breached their fiduciary duties in the selection of the Plan's recordkeeper, and the monitoring and evaluation of the total compensation paid to the Plan's recordkeeper, including adding a provision that subjected

---

[2]   Defendants do not seriously dispute that plaintiffs have satisfied the numerosity requirement.

all plan participants to a $50 charge for distribution/withdrawal fees. Indeed, "[b]ecause the fiduciary duties are owed to the Plan[], not to individual accounts, common questions of law and fact are central to the case." *Cunningham v. Cornell Univ.*, 16-CV-6525 (PKC), 2019 WL 275827, at *5 (S.D.N.Y. Jan. 22, 2019).

Second, for the same reasons set forth in plaintiffs' commonality argument, plaintiffs have satisfied the typicality requirement. The selection of an inferior recordkeeper, including where that selection resulted in named plaintiffs and putative class members being subject to a flat $50 transactional fee that would have not otherwise been charged, affected all members of the putative class.

Defendants' arguments against commonality and typicality do not deal with the standards used to analyze those arguments. Instead, defendants engage in a merits based discussion of why their ultimate choice to retain ADP over T. Rowe Price was the better one. *See* Dkt. No. 125, Clearview's Opposition, at 10-12. These arguments only further confirm the appropriateness of class certification. Class action status will allow the defendants to make these common merits based arguments once in one forum, to one fact finder, instead of requiring them to make the same arguments again and again in many separate cases.

Accordingly, the answer to the question, whether defendants breached their fiduciary duties under ERISA by putting their own interests ahead of the Plan by going with an inferior recordkeeper according to defendants' own internal analysis, will drive the resolution of this litigation and does not depend on the circumstances of any particular participant, thereby satisfying the commonality and typically requirements.[3]

---

[3] *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (commonality and typicality requirements tend to merge into one another as both seek to ensure that the named plaintiffs' claims are closely interrelated to those of the class).

### B. Plaintiffs satisfy the adequacy requirement

As illustrated in plaintiffs' moving papers, the final requirement of Rule 23(a)—whether the representative parties will fairly and adequately protect the interests of the class—is also satisfied here. Defendants' attacks on the named plaintiffs' adequacy[4] are entirely without merit.

Here, Clearview's attacks on the adequacy of the class representatives, especially class representative David Leidlein, are specious, and unfairly malign Mr. Leidlein (and distort his deposition) by cherry-picking snippets of his testimony out-of-context.

Each of the named plaintiffs have carried out their requisite duties. *See* Sanderson Aff. at ¶ 39. Moreover, Mr. Leidlein's testimony reflects that he has the requisite understanding of the allegations in the suit and is committed to protecting the interests of the class. *See id.* at ¶ 40. Nothing further is required to establish their adequacy.[5] Accordingly, the Named Plaintiffs are adequate representatives.

---

[4] Sutherland Defendants' only argument with respect to the adequacy of the named plaintiffs is a mirror of their commonality and typicality arguments, that they have not suffered the same injury as the class members, and thus suffers from the same defects.

[5] "[I]t is well settled that a proposed representative's lack of knowledge is rarely disqualifying," and "[i]t is understandable, and excusable, that Plaintiffs, who are not lawyers or investment professionals, may have had difficulty answering questions about the claims." *Moreno v. Deutsche Bank Ams. Holding Corp.*, No. 15 Civ. 9936, 2017 WL 3868803, at *20 (S.D.N.Y. Sep. 5, 2017)(citation omitted). "[A] plaintiff need not have expert knowledge of all aspects of the case to qualify as a class representative," *Fogarazzao v. Lehman Bros., Inc.*, 232 F.R.D. 176, 181 (S.D.N.Y. 2005), "especially . . . in a case such as this involving complicated matters of ERISA law." *Tibble v. Edison Int'l.*, No. CV 07-5359, 2009 WL 6764541, at *6 (C.D. Cal. June 30, 2009). Additionally, ""[t]hat Plaintiffs may not have had a concern with their Plan's fees before speaking with counsel is not unusual in a case of this type." *Khan v. Bd. of Dirs. of Pentegra Defined Contribution Plan*, No. 20-CV-07561 (PMH), 2023 WL 6256204, at *5 (S.D.N.Y. Sept. 26, 2023).

Indeed, the main point on which Clearview bases its argument on adequacy, that Mr. Leidlein did not recollect past conversations with his attorneys regarding mediation that had occurred nearly two years prior to his deposition, is rendered moot. *See* **Exhibit E**, Affirmation of David Leidlein, sworn to January 5, 2024.

### C. Defendants' Attacks on the Adequacy of Proposed Class Counsel are Meritless

Defendants' meritless attack on proposed class counsel only addresses one of the myriads of factors[6] courts must consider in assessing adequacy of class counsel, and even the factor they do raise is without basis. *See* Sanderson Aff. at ¶¶ 29-37.

### D. Plaintiffs satisfy the requirements of Rule 23(b)

As set forth in plaintiffs' moving papers, under Rule 23(b) (1), a class may be certified if prosecution of separate actions by individual class members would create a risk of:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]

Fed. R. Civ. P. 23(b) (1).

---

[6] In assessing the adequacy of class counsel, courts must consider (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing the class," and may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *In re J.P. Morgan Stable Value Fund ERISA Litig.*, No. 12-cv-2548, 2017 WL 1273963, at *16 (S.D.N.Y. Mar. 31, 2017) (quoting Fed. R. Civ. P. 23(g) (1) and collecting cases).

Defendants only argument that plaintiffs have not satisfied the requirements of Rule 23(b) is premised on a contention that plaintiffs have failed to provide evidence that defendants breached a duty common to all of the putative class members. Defendants once again ignore the derivative nature of this action. *See Jacobs v. Verizon Commc'ns Inc.*, No. 16 Civ. 01082, 2020 WL 4601243, at *13 (S.D.N.Y. June 1, 2020), *report and recommendation adopted*, No. 16 CIV. 1082, 2020 WL 5796165 (S.D.N.Y. Sept. 29, 2020) ("ERISA litigation such as the instant case bears the hallmarks of a 23(b) (1) (B) class action for the very reason that plaintiffs allegations are brought with respect to breaches of fiduciary duties to the Plans as a whole such that defendants' duties raise and fall with all plaintiffs.") (internal quotations omitted). Moreover, each Named Plaintiff and putative class member interest in not being subject to the unnecessary $50 transactional fee is common and a declaration that defendants breached their fiduciary duties via imposition of that fee for some class members but not others would most certainly establish incompatible standards of conduct for defendants as fiduciaries to the Plan.

## IV. DEFENDANTS' ARGUMENT REGARDING PROSPECTIVE RELIEF IS MERITLESS

Defendants assert that plaintiffs are seeking prospective injunctive relief in this case and that they do not have standing to assert this claim. *See* Clearview's Opposition, at 12-13; Sutherland Defendants' Opposition, at 16. As discussed in depth above, the Named Plaintiffs do have standing and thus the argument does not apply. Moreover, the relief plaintiffs are seeking here is to have the Court declare that defendants breached their fiduciary duties (*see* Dkt. No. 1, Complaint, Prayer for Relief, at ¶ a) when they selected a recordkeeper that resulted in the Plan paying a higher total compensation to the recordkeeper, including when accounting

for a flat $50 transactional fee, when, during an RFP conducted in 2014, they could have selected a recordkeeper their internal analysis identified as the top candidate with lower overall fees, including no flat $50 transactional fee, thus that the $50 transactional fee should not have been charged. Defendants have failed to identify any authority that holds that a court cannot enter declaratory judgment in favor of participants who are challenging the selection of a recordkeeper that resulted in an excessive unnecessary $50 transactional fee, or that somehow this constitutes prospective relief.

## CONCLUSION

For all the foregoing reasons, plaintiffs respectfully request that the Court grant their motion in its entirety.

Dated: January 8, 2024

**THOMAS & SOLOMON LLP**

By: /s/ Adam T. Sanderson
J. Nelson Thomas, Esq.
Adam T. Sanderson, Esq.
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
asanderson@theemploymentattorneys.com