UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ASHLEY SAVAGE, DAVID LEINDLEIN,
RONALD COHEN, AND JAMES
SHERBURNE, *individually and as*
*representatives of similarly situated persons,*
*and on behalf of the Plan*,

                Plaintiffs,

      v.

SUTHERLAND GLOBAL SERVICES, INC.,
CVAGS, LLC d/b/a CLEARVIEW GROUP,
SHILPA KONDA, DIANA MOHORTER,
LORI D'AMBROSIO, KATHLEEN
DECANN, and JOHN DOES 1-20,

              Defendants.
_____

**DECISION AND ORDER**

6:19-CV-06840 EAW

Plaintiffs Ashley Savage, David Leidlein, Ronald Cohen, and James Sherburne (collectively "Plaintiffs") brought this putative class action individually, on behalf of the Sutherland Global Services, Inc. 401(k) Plan ("Plan"), and on behalf of all other similarly situated participants and beneficiaries of the Plan, against Sutherland Global Services, Inc., Lori D'Ambrosio, Kathleen DeCann, Shilpa Konda, and Diane Mohorter (collectively "Sutherland"), CVAGS, LLC d/b/a Clearview Group, and John Does 1-20. (Dkt. 1).

On December 18, 2023, Sutherland moved to seal certain documents submitted in opposition to Plaintiffs' motion for class certification. (Dkt. 124). Plaintiffs filed their own motion to seal on January 8, 2024. (Dkt. 129). On August 28, 2024, the Court denied both motions to seal without prejudice, concluding that although the documents sought to

be sealed were covered by the scope of the protective order entered in the case, the parties did not provide any independent justification for sealing them in connection with the Court's determination on class certification. (Dkt. 138). The Court directed the parties to either file unredacted versions of the documents on the docket, or file renewed motions to seal that are narrowly tailored and provide a thorough explanation of why the presumption of public access has been overcome. (*Id.* at 22).

Plaintiffs opted to file the documents subject to their motion to seal on the docket unredacted. (Dkt. 139). Sutherland filed certain documents in unredacted form (Dkt. 140), but renewed its motion to seal with respect to other documents (Dkt. 141), which is the motion presently before the Court. For the following reasons, the renewed motion to seal is denied with prejudice.

## DISCUSSION

In its motion, Sutherland seeks to file under seal unredacted versions of the following documents:

(1)    Exhibit 1 to Mulvehill Declaration in support of Sutherland's Motion to Seal dated December 18, 2023 (Dkt. 124): the deposition transcript of Mr. David Levitsky, Sutherland's 30(b)(6) Witness, dated January 17, 2023 which has been designated as Confidential--Counsel and Experts Only pursuant to the Stipulated Protective Order (Dkt. No. 57) and previously permitted to be filed under seal by the assigned magistrate judge (Dkt. 104);

(2)    Exhibit 4 to Mulvehill Declaration in support of Sutherland's Motion to Seal dated December 18, 2023 (Dkt. 124): Sutherland Defendants' Supplemental Objections and Responses to Plaintiffs' Interrogatories dated February 19, 2021 which response nos. 3, 6, and 7 have been designated "Confidential--Counsel and Experts Only" pursuant to the Stipulated Protective Order (Dkt. No. 57); and

> (3)    Exhibit 5 to Mulvehill Declaration in support of Sutherland's Motion
> to Seal dated December 18, 2023 (Dkt. 124): Clearview's Objections and
> Supplemental Responses to Plaintiffs' Interrogatories dated January 31, 2023
> which response nos. 5, 8, and 9 have been designated "Confidential--Counsel
> and Experts Only" pursuant to the Stipulated Protective Order (Dkt. No. 57).

(Dkt. 141 at 2).  No opposition to Sutherland's motion to seal these documents has been filed.

As discussed in the Court's Decision and Order denying the prior motions to seal, "[i]n considering a motion to seal, the court undertakes a three-part analysis.  First, the court must determine whether the document is in fact a judicial document. . . .  Second, once the Court finds that the document is a 'judicial document, the court must determine the weight of the presumption that attaches. . . .  Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption."  *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18CV11386(VSB)(KHP), 2023 WL 7126251, at *1 (S.D.N.Y. Oct. 30, 2023) (quotations and citations omitted).  To overcome the presumption of public access to judicial documents, the Court must make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

Documents submitted in connection with a motion for class certification are judicial records to which a strong presumption of access applies. *Lavin v. Virgin Galactic Holdings, Inc.*, No. 21-CV-3070 (ARR) (TAM), 2025 WL 1031060, at *2 (E.D.N.Y. Apr. 2, 2025) ("Here, the parties are seeking to seal portions of briefs and exhibits submitted in connection with Plaintiffs' class certification motion.  Accordingly, in weighing the second

- 3 -

factor, the Court affords significant weight to the presumption of access because the documents were submitted in connection with the adjudication of an important question impacting the scope of relief in this case."); *Sjunde AP-Fonden v. Goldman Sachs Grp., Inc.*, No. 18-CV-12084 (VSB) (KHP), 2024 WL 3551166, at *2 (S.D.N.Y. July 25, 2024) ("As a preliminary matter, documents submitted in support of a motion for class certification are judicial documents to which the presumption of public access would apply.").

Surprisingly, even though the prior motion to seal was denied for failure to provide sufficient support for the request, Sutherland's motion continues to fail to meet the basic requirements for sealing these documents.

As an initial matter, the motion is not supported by a memorandum of law, as required by this Court's Local Rules, which alone warrants denial of the motion. *See* L.R. Civ. P. 5.3(c)(2)(C) ("A party seeking to have a document or portion of a document filed under seal on notice must satisfy each of the following requirements: . . .  (C) A memorandum of law setting forth (1) the applicable legal authority, (2) the reasons why the document should be sealed, and (3) the rationale for the proposed duration of the requested order . . .").  Although Sutherland submitted a declaration in support of the application (Dkt. 141-1), it has provided no discussion of the applicable legal standards or proffered any legal authority to support its motion.  That a document was previously sealed in connection with a discovery motion or that the documents are subject to a protective order are not dispositive factors as to whether sealing is justified on a motion for class certification. *Renois v. WVMF Funding, LLC*, No. 20-CV-9281 (LTS) (VF), 2025 WL

- 4 -

863714, at *1 (S.D.N.Y. Mar. 19, 2025) ("A designation of a document as confidential under a protective order, by itself, is not sufficient to permanently seal a document."); *Loma Linda Univ. v. Smarter Alloys, Inc*., No. 19-CV-607-LJV-MJR, 2024 WL 4932525, at *2 (W.D.N.Y. Dec. 2, 2024) ("The fact that a document previously was sealed does not mean that it must remain so indefinitely—particularly after a public trial.  Similarly, the fact that a document was marked as confidential during discovery does not mean that it should be sealed when submitted in connection with a dispositive motion."); *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18CV11386VSBKHP, 2023 WL 7126251, at *1 (S.D.N.Y. Oct. 30, 2023) ("The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion.").  Nor has Sutherland explained why the documents require sealing in full without any effort to partially redact them to limit the scope of the sealed filings.

Given the two opportunities to support the requested sealing, and yet failure to comply with the legal requirements for doing so, the Court now denies the motion to seal with prejudice.  Sutherland must file the subject documents on the docket within 14 days of the date of this Decision and Order.

## <u>CONCLUSION</u>

For the reasons stated above, Sutherland's renewed motion to seal (Dkt. 141) is denied with prejudice.  Counsel for Sutherland are directed to file the subject documents on the docket within 14 days of the date of this Decision and Order.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      April 28, 2025
               Rochester, New York